Matthias, J.
 

 The legal question presented is within a very narrow compass. It is whether the record of the Industrial Commission, showing its finding and order for compensation for injuries sustained by a claimant, may be pleaded and introduced in evi
 
 *595
 
 dence in a subsequent proceeding by the dependents of such former claimant wherein they seek compensation for his death.
 

 The trial court answered that question in the negative, and rejected the proffered evidence. The Court of Appeals held it was admissible. The theory upon which it was held to be competent seems to be that in each instance the Industrial Commission is the defendant, and having at one time found that the then claimant was injured in the course of his employment, its finding is in some measure binding upon it in the proceeding subsequently instituted by the dependents. The effect to be accorded such evidence if admitted, however, is concededly in doubt. Whether the commission is estopped entirely to deny the truth of the finding, or whether it then becomes incumbent upon the commission to show misrepresentation or fraud on the part of the claimant inducing such finding, or whether it is to be just thrown into the scales as evidence upon one of the necessary elements, was queried and left undetermined.
 

 Although based upon the same injury, there were two successive causes of action. The first, being that of the injured employe, arises at the time he received an injury in the course of his> employment, while the second, being the cause of action of a killed employe, accrues at the time the employe dies from an injury received in the course of his employment.
 
 Industrial Commission
 
 v.
 
 Kamrath,
 
 118 Ohio St., 1, 160 N. E., 470.
 

 When the latter cause of action accrues the dependents’ claim may be presented to the Industrial Commission for determination, and if denied upon rehearing an appeal may be taken to the court of common pleas as provided in Section 1465-90, General Code. The two actions are not in the same right. The claims are as distinct and the cases as separate as those involved in the case of
 
 Mahoning Valley Ry. Co.
 
 v.
 
 Van
 
 
 *596
 

 Alstine, Admr.,
 
 77 Ohio St., 395, 83 N. E., 601, 14 L. R. A. (N. S.), 893. It was there held that the prosecution to final judgment and satisfaction by a personal representative of a suit for damages for personal injuries begun by the deceased in his lifetime did not in any wise affect the right of the same personal representative to maintain an action under the statute in behalf of the next of kin therein enumerated for damages for the death resulting from the same injury.
 

 The same principle was involved in the case of
 
 St. Louis, Iron Mountain & Southern Ry. Co.
 
 v.
 
 Craft,
 
 237 U. S., 648, 35 S. Ct., 704, 59 L. Ed., 1160, in which the
 
 Van Alstine case, supra,
 
 is cited. In the course of the opinion it is said, at page 658: “Although originating in the same wrongful act or neglect, the two claims are quite distinct, no part of either being embraced in the other. One is for the wrong to the injured person and is confined to his personal loss and suffering before he died, while the other is for the wrong to the beneficiaries and is confined to their pecuniary loss through his death. One begins where the other ends, and a recovery upon both in the same action is not a double recovery for a single wrong but a single recovery for a double wrong.”
 

 The claims being distinct and prosecuted in separate actions, it is difficult to find a reason for holding that the record in the one ease, or the adjudication by the commission therein, which would not be applicable in purely court actions, should be introduced in the other. Frequently several suits for damages arise out of the same occurrence, but no one would contend that the finding and judgment in one of such cases would be competent to go to the jury for any purpose in the trial of any other such case. Surely such finding in favor of the former claimant for compensation is not admissible in the subsequent proceedings, upon the ground of estoppel. The Industrial Commission is an administrative board, and its powers and jurisdiction
 
 *597
 
 in each case are continuing (Section 1465-86, General Code;
 
 State, ex rel. Crawford, Exr.,
 
 v.
 
 Industrial Commission,
 
 110 Ohio St., 271, 143 N. E., 574), and its findings and order are subject to reconsideration and modification. The mere fact that there had been no change or modification of its order relative to compensation does not serve to cast the burden of proof upon the commission, or preclude a different finding subsequently in another case. The burden in each case is upon the claimant to present facts essential to warrant an award of compensation.
 

 It is proposed to apply the doctrine of
 
 res judicata
 
 in such proceedings by permitting the pleading and proof of the result in one case as a bar to the prosecution of another. If such doctrine may be applied to sustain a claim it could as well be done to prevent or bar a claim. Consistency would require the application of the rule in the latter situation if it is to be .applied in the former. There is no good reason for the admission of the finding of the commission made in another case when favorable to the claimant that would not apply if the finding of the commission were adverse to the claimant. The application of such rule would in many instances result injuriously to dependents of injured workmen.
 

 Judgment reversed.
 

 "Weygandt, C. J., Day, Allen, Stephenson and Jones, JJ., concur.