MENTZER, APPELLANT, *v.*
WESTINGHOUSE CORPORATION ET AL.,
APPELLEES.

(No. 82AP-971—Decided June 30, 1983.)

*Mr. John R. Workman,* for appellant.
*Messrs. Bricker & Eckler* and *Mr. Michael J. Renner,* for appellee Westinghouse Corp.
*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Mr. Gerald H. Waterman,* for appellee Administrator, Bureau of Workers' Compensation.

WHITESIDE, P.J. Plaintiff-appellant, Isabell Mentzer, appeals from a judgment of the Franklin County Court of Common Pleas and raises a single assignment of error, as follows:

"The trial court erred in granting defendant's motion to dismiss plaintiff's claim as being barred by the six-year limitation period of Ohio Revised Code Section 4123.52. Claimant-appellant's claim for death benefits was timely filed pursuant to Ohio Revised Code Section 4123.84, which provides that claims for benefits on account of death shall be filed within two years of the date of death."

Plaintiff's decedent, Ownie Mentzer, sustained an industrial injury in March 1965 while in the course of his employment with defendant-appellee Westinghouse Corporation. Mentzer filed an industrial claim which was allowed in 1974 by the Bureau of Workers' Compensation, which decision was reversed on appeal by the Industrial Commission. He appealed to the court of common pleas but died during the pendency of that appeal. Thereupon, plaintiff filed an application pursuant to R.C. 4123.84 for death benefits as the decedent's widow, claiming that his death was a direct result of his industrial injury.

This application for death benefits was denied at the administrative level upon the ground that the cause of death was not related to the industrial injury. Upon appeal to the Franklin County Court of Common Pleas, that court dismissed the appeal, holding that: "Defendant Westinghouse's Motion to Dismiss is found to be well taken and is sustained as the six-year limitation of R.C. Section 4123.52 applies to bar this claim, regardless of the claim's validity, invalidity or anyone's skepticism about it." The single assignment of error on appeal pertains to this issue.

Although the appeal is from its order, the Industrial Commission now agrees with plaintiff and urges reversal of the decision of the court of common pleas conceding that R.C. 4123.52 cannot properly be construed to bar a claim for death benefits pursuant to R.C. 4123.59 with respect to an employee who died as a result of an industrial injury effective some nine years prior to his death. This is the result of the construction of the trial court in this case since, under the trial court's reasoning, the death-benefit claim was barred by the statute, R.C. 4123.52, nine years prior to the decedent's death. No contention has been made that the claim was not made within the two-year period prescribed by R.C. 4123.84. Thus, the sole question is whether plaintiff's death-benefit claim is barred by virtue of R.C. 4123.52, which provides in pertinent part as follows:

"The jurisdiction of the industrial commission over each case shall be continuing, and the commission may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified. No such modification or change nor any finding or award in respect of any claim shall be made with respect to disability, com-

pensation, dependency, or benefits, after six years from the date of injury in the absence of the payment of compensation for total disability * * * except in cases where compensation has been paid under section 4123.56, 4123.57, or 4123.58 of the Revised Code, then ten years from the date of the last payment of compensation or from the date of death * * *."

Technically, the trial court erred because the complaint expressly alleges that plaintiff filed her application within the time provided by law, and there are no factual allegations to the contrary, the claim not having been denied at the administrative level upon this basis and the issue being submitted to the trial court upon motion to dismiss prior to any answer being filed by defendants. Plaintiff indicates, however, that the factual situation is such that a reversal for this reason would be only technical in nature and that the essential facts are as set forth above. With that understanding, we proceed to consideration of the basic statute-of-limitations issue. Nevertheless, we note that, pursuant to *Felske* v. *Daugherty* (1980), 64 Ohio St. 2d 89 [18 O.O.3d 313], and *Clifford* v. *Daugherty* (1980), 62 Ohio St. 2d 414 [16 O.O.3d 443], the six-year limitation of R.C. 4123.52 does not apply if the employee is disabled and unable to work as a result of the industrial injury and is paid either temporary total compensation pursuant to R.C. 4123.56 or wages by his employer for such period of disability. The complaint specifically alleges that plaintiff's decedent was continually disabled in varying degrees, although it is unclear as to whether the decedent was paid wages during any period of total disability by defendant Westinghouse, a self-insurer, with respect to workers' compensation.

Nevertheless, the basic issue before us is whether a potential claim for death benefits is barred where the Industrial Commission had denied the decedent's application for allowance of the claim upon the ground that it was without jurisdiction pursuant to R.C. 4123.52, and the decedent died as the result of the industrial injury during the pendency of an appeal from such decision of the Industrial Commission. Plaintiff relies upon *Indus. Comm.* v. *Davis* (1933), 126 Ohio St. 593, the first two paragraphs of the syllabus of which read, as follows:

"1. The cause of action of an injured employe accrues at the time he receives an injury in the course of his employment, and the cause of action of a dependent of a killed employe accrues at the time of the death of such employe from an injury received in the course of his employment. (*Industrial Commission* v. *Kamrath,* 118 Ohio St., 1, approved and followed.)

"2. Such causes of action are separate and independent, neither being dependent upon nor affected by the determination of the other."

Under the theory advanced by defendant Westinghouse, plaintiff's claim would have been barred some nine years before it accrued. *Davis,* however, clearly indicates that the denial of decedent's claim by the Industrial Commission cannot operate to bar plaintiff's claim for death benefits, irrespective of the application of R.C. 4123.52, plaintiff being entitled to present evidence upon the question of which portion of R.C. 4123.52 is applicable in that event. As clearly stated in R.C. 4123.52, if temporary total disability compensation, or wages in lieu thereof, had been paid decedent, plaintiff would be entitled to file the application for death benefits within ten years after death, which in turn would be inconsistent with the express two-year limitation of R.C. 4123.84.

Under the trial court's application of R.C. 4123.52 in this case, plaintiff's claim never could accrue, even though a direct and proximate result of the industrial injury. The application in this case is not the application of a statute of limitations barring a stale claim but, rather, constitutes a bar to the accrual of the claim, which, pursuant to *Davis, supra,* cannot accrue until the death of the decedent. Under *Davis,* the claim for death benefits

could proceed to a determination of whether death resulted from an injury sustained during the course of the decedent's employment, even though the Industrial Commission had previously denied decedent's claim arising from the same injury upon the ground that the injury was not sustained in the course of employment. Defendant Westinghouse's contention, however, is that such a claim for death benefits would nonetheless be barred by R.C. 4123.52, unless the decedent died and the death-benefit claim was filed within six years of the date of injury.

R.C. 4123.95 provides that R.C. Chapter 4123 must be "liberally construed in favor of * * * dependents of deceased employees." In light of this provision, the provisions of R.C. 4123.59, the provisions of R.C. 4123.84 and the language of R.C. 4123.52, we find no basis for finding that R.C. 4123.52 is intended to bar a claim for death benefits prior to the time that such a claim accrued pursuant to *Davis.* Accordingly, the trial court erred in finding that plaintiff's claim is barred by R.C. 4123.52. Nor does *Sechler* v. *Krouse* (1978), 56 Ohio St. 2d 185 [10 O.O.3d 349], relied upon by defendant Westinghouse, compel a different result. In *Sechler,* it was noted that the initial determination was whether the claim had been filed timely pursuant to R.C. 4123.84, which permits a claim for death benefits to be made within two years after the death of the injured employee. R.C. 4123.52 does not operate to bar a claim for death benefits which is timely filed pursuant to R.C. 4123.84.

For the foregoing reasons, the assignment of error is sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed*
*and cause remanded.*

REILLY and MCCORMAC, JJ., concur.