**Wells v. General Motors Corp.**
*[Cite as 7 AOA 332]*

*Case No. 57344*
*Cuyahoga County, (8th)*
*Decided September 6, 1990*

*Paul Mancino, Jr., 75 Public Square Building, Suite 1016, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Thomas M. Carolin, Seeley, Savidge & Aussem, 800 Baker Building, 1940 East Sixth Street, Cleveland, Ohio 44114 and Q.A. Corsi, Assistant Attorney General of Ohio, State Office Building,*

*615 W. Superior Ave., 12th Floor, Cleveland, Ohio 44113-1899, for Defendants-Appellees.*

STILLMAN, J.

Claimant-appellant Ella Wells ("appellant") appeals the trial court's judgment which granted employer-appellee General Motors Corporation's ("appellee") motion for summary judgment. The facts giving rise to the instant appeal as contained in the "record provide the following:

On September 10, 1986, appellant filed an appeal from the decision of the Cleveland Regional Board of Review dated May 14, 1986, which disallowed her claim. In her complaint, filed on the same day, appellant alleged that she was entitled to participate in the Worker's Compensation Fund as a result of the death of her husband, Levi Wells. Appellant argued that her husband's death on December 9, 1982 was accelerated and caused by injuries he sustained in the course and scope of his employment with appellee on March 11, 1976.

On October 5, 1987; appellee filed its motion for summary judgment premised upon the doctrine of *res judicata.* Appellee argued that the doctrine of *res judicata* barred appellant's claim due to this court's decision in *Wells v. General Motors Corporation* (Jun. 20, 1985), Cuyahoga App. No. 49243. In *Wells,* this court affirmed the trial court's decision that appellant's husband had no right to participate in the Worker's Compensation Fund. Appellee contended that since her husband's injury was not compensable, appellant's action as a surviving spouse must fail.

On February 6, 1989, the trial court granted appellee's motion for summary judgment.

Appellant filed a timely notice off appeal and subsequently raised the following assignments of error:

"I. THE COURT COMMITTED PREJUDICIAL ERROR IN HOLDING THAT THE DEATH CLAIM OF THE SURVIVING SPOUSE OF AN INJURED WORKMAN WAS BARRED UNDER PRINCIPLES OF RES JUDICATA AS THE DEATH CLAIM IS AN ENTIRELY NEW CLAIM STANDING INDEPENDENTLY OF ANY UNDERLYING CLAIM FOR INJURY.

"II. THE COURT COMMITTED PREJUDICIAL ERROR IN APPLYING THE PRINCIPLES OF RES JUDICATA AS MATERIAL CHANGES WHICH PREVENT ITS APPLICATION.

"III. THE COURT COMMITTED PREJUDICIAL ERROR IN GRANTING SUMMARY JUDGMENT IN THIS CASE ON THE BASIS OF RES JUDICATA OR COLLATERAL ESTOPPEL."

Appellant's assignments of error will be discussed together since they pertain to the propriety of the trials court's decision granting appellee's motion for summary judgment.

Civ. R. 56(C) provides in pertinent part that:

"A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

Therefore, a Civ. R. 56(C) motion for summary judgment can only be granted when the moving party demonstrates:

"(1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Temple v. Wean United. Inc.* (1977), 50 Ohio St. 2d 317, 327.

Further, upon an appeal from a summary judgment, the reviewing court should look at the record in the light most favorable to the party opposing the motion. *Campbell v. Hospitality Motor Inns, Inc.* (1986), 24 Ohio St. 3d 54, 58.

Herein, appellant argues that the trial court improperly applied the doctrine of *res judicata* in granting appellee's motion for summary judgment.

The doctrine of *res judicata* precludes the relitigation of a point of law or fact at issue between the same parties or their privies. *Consumers' Counsel v. Public Utility Comm.* (1985), 16 Ohio St. 3d 9, 10. *Res judicata* is applicable to administrative proceedings, including Worker's Compensation. *Id.; Lacavera v.*

*Cleveland Electric Illuminating Co.* (Apr. 2, 1987), Cuyahoga App. No. 52001, unreported.

"The course of action of an injured employee accrues at the time he receives an injury in the course of his employment, arc the cause of action of a dependant of a killed employee accrues at the time of the death of such employee from an injury received in the course of his employment. *Indus. Comm. v. Davis* (1933), 126 Ohio St. 593, paragraph one of the syllabus (citation omitted). A surviving spouse's cause of action is separate and independent from the cause of action of the injured employee. *Id.* at paragraph two of the syllabus. Thus, the surviving spouse's cause of action is not affected by the determination of the employee's cause of action. *Id.;* see, also, *Mentzer v. Westinghouse Corp.* (1983), 10 Ohio App. 3d 198.

In the instant case, appellant's claim for death benefits could proceed toward a determination of whether her husband's death resulted from an injury arising out of the cause of his employment, despite this court's ruling in *Wells, supra.* Appellant was not a party to her husband's prior claim for worker's compensation and her claim for death benefits did not accrue until his death in December 1982.

Furthermore, appellant's husband's claim failed as a result of a procedural error. Appellant"s husband's right to participate in the Worker's Compensation fund was denied because he failed to prosecute. Neither this court nor the court of common pleas ever ruled that appellant's husband's injuries were not sustained in the course of his employment. Thus, we find there exists a genuine issue of material fact of whether appellant was entitled to death benefits for her husband's death, which allegedly arose out of the course of his employment.

For the foregoing reasons, we conclude the trial court erred in granting appellee's motion for summary judgment. Appellant's assignments of error are well taken and are sustained.

Trial court judgment is reversed and this cause is remanded for further proceedings in accordance with law consistent with this decision.

This cause is reversed and remanded for further proceedings consistent with this Journal Entry and Opinion.

It is, therefore, considered that said appellant(s) recover of said appellee(s) her costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.

MCCRYSTAL, J. concurs.

Judge Saul G. Stillman, Retired, of the Eighth Appellate District and Judge James L. McCrystal, Retired, of the Erie County Common Pleas Court, sitting by assignment.

NAHRA, P.J., dissenting.

There is a valid judgment of the court of common pleas dated November 26, 1980, holding that the decedent was not entitled to participate in the Workers' Compensation Fund. An unsuccessful attempt was made to vacate this judgment under Civ. R. 60(B) and the trial court's denial or relief gas affirmed by this court.

The wife's claim is based on the very same injury. It would seem obvious that if the husband's injury was not compensable during his lifetime, it would not become so after his death. In reaching its contrary conclusion the majority regards the November 26, 1980 judgment entry as not being on the merits. However, this was a dismissal under Civ. R. 41(B) (1) and is "an adjudication on the merits" unless the court "otherwise specifies". The wife's claim is a derivative claim and, although it has an independent statute of limitations, it cannot prevail based on an injury that has been determined to be noncompensable. By the same token, had the husband's claim been allowed, the employer would not be allowed to again contest that issue in a subsequent death claim by the wife.

For these reasons I would affirm the grant of summary judgment.