JONES et al., Appellants,

v.

MULTI–COLOR CORPORATION et al., Appellees.

[Cite as *Jones v. Multi–Color Corp.* (1995), 108 Ohio App.3d 388.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940722.

Decided Dec. 29, 1995.

390

*Clements, Mahin & Cohen* and *William E. Clements,* for appellants.

*Keating, Muething & Klekamp* and *Robert W. Maxwell II,* for appellee Multi–Color Corporation.

*William D. Haders,* for appellees Wesley Trimble and Industrial Commission.

MARIANNA BROWN BETTMAN, Judge.

This is a workers' compensation case involving entitlement to death benefits. Raymond Jones was employed by defendant-appellee Multi–Color Corporation. During an employer-sponsored fitness day, Jones collapsed and died of a heart attack after running a foot race. Caron and Laura Jones, his wife and daughter and plaintiffs-appellants herein, filed a workers' compensation claim seeking death benefits as the result of Jones's death. The claim was denied at all levels administratively. The Joneses properly filed a *de novo* appeal pursuant to R.C. 4123.519 (now R.C. 4123.512), naming the Administrator of the Bureau of Workers' Compensation, the Industrial Commission and Multi–Color as defendants. Cross-motions for summary judgment were filed. The trial court granted summary judgment to all defendants. This appeal followed.

All parties agree that the facts in this case are undisputed. Jones was an employee of Multi–Color. Caron and Laura Jones were his dependents. Jones elected to participate in his employer's fitness-day program. Before doing so, he signed a waiver form entitled "Waiver of Workers' Compensation Benefits for a Voluntary Participant in an Employer–Sponsored Recreation or Fitness Program/Activity" ("the waiver"). The waiver, which was on a form obtained from the Industrial Commission for this purpose, reads as follows:

"The undersigned declares that he or she is a voluntary participant in the employer's sponsored recreation fitness activity(s) listed above and hereby waives and relinquishes all rights to Workers' Compensation benefits under Chapter

4123 of the Revised Code for any injury or disability incurred while participating on an annual basis in the listed activity(s)."

Normally, an injury, occupational disease, or death of an employee occurring in the course of and arising out of employment is compensable exclusively under the workers' compensation system. *Waller v. Mayfield* (1988), 37 Ohio St.3d 118, 121, 524 N.E.2d 458, 461.

An injury for workers' compensation purposes is defined in R.C. 4123.01(C) as:

"any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of the injured employee's employment."

Further, as a general rule, an agreement by an employee to waive his or her rights to workers' compensation benefits is invalid. R.C. 4123.80.

Over the years, the subject of injuries received during employer-sponsored recreational activities was often litigated. Courts struggled in determining whether such injuries were "received in the course of, and arising out of the injured employee's employment." [1] Apparently in response to the large number of employer challenges to compensation for recreational injuries and the employers' desire to continue such activities, in 1986, the legislature enacted two statutes to address the problem. Both statutes are exceptions to the general rules allowing for workers' compensation. R.C. 4123.01(C)(3) provides that an "injury" for workers' compensation purposes does not include:

"Injury or disability incurred in voluntary participation in an employer-sponsored recreation or fitness activity if the employee signs a waiver of his rights to

---

1. In 1929, Ohio administratively enacted the following rule with regard to such recreational injuries:

"[I]n all such cases where the employer encourages the employee to engage in athletics, either during work hours or outside of working hours, and supervises and directs, either directly or indirectly, such activities, meritorious claims for injuries to any such employee while so engaged will be recognized, the employer's risk and experience to be charged with such cases. * * * This order shall not apply to employers who do not supervise and direct either directly or indirectly, athletic activities of their employees or do not pay for the time devoted." Rule No. 4, Athletics, Important Resolutions, Rules, Orders and Instructions Issued by the Bureau of Workmen's Compensation (revised August 1986), quoted in Workmen's Compensation Manual (1975), at A21–A22, quoted in Wambaugh, Comment, Recreational Injuries: Ohio Employers' Dilemma Resolved? (1989), 16 N.Ky.L.Rev. 593, 596.

This "control test" was used by the Industrial Commission and Ohio courts to determine whether an employer-sponsored recreational injury was compensable under the workers' compensation system until the Ohio Supreme Court in *Kohlmayer v. Keller* (1970), 24 Ohio St.2d 10, 53 O.O.2d 6, 263 N.E.2d 231, adopted a broader "business-related benefit test." This test focused on the intangible business-related benefits amassed to the employer through employee participation in the recreational event, rather than the extent of employer control over the event. See Wambaugh, *supra.*

compensation or benefits under this chapter prior to engaging in the recreation or fitness activity."

R.C. 4123.80(B) provides:

"An employee may waive his rights to compensation or benefits as authorized pursuant to division (C)(3) of section 4123.01 of the Revised Code."

The first statute, R.C. 4123.01(C)(3), provides that if an employee signs a waiver, he cannot suffer an injury that is compensable under the workers' compensation system at an employer-sponsored recreation or fitness event. The second statute, R.C. 4123.80(B), recognizes that an employee may suffer an otherwise compensable injury at an employer-sponsored recreation or fitness event, but by virtue of his voluntary participation and his signing of the waiver, he waives his rights to this compensation in order to participate.

 The sole basis of the administrative rulings denying benefits, and the argument now urged upon us by appellees, was that Jones signed a waiver contemplated by the statute, and that because of the express provisions of R.C. 4123.01(C)(3), all such injuries by definition are not in the course of or arising out of employment, and therefore are not compensable injuries under the workers' compensation system. Without a compensable injury to Jones, his dependents could not recover death benefits. The trial court apparently agreed and granted summary judgment to all defendants.[2]

In their first assignment of error, appellants argue that the trial court erred in granting summary judgment to all appellees herein. They advance several arguments in support of their position, all challenging the effect of the waiver on their entitlement to death benefits.[3]

The resolution of this case depends on the interpretation of the two code sections authorizing the waiver, R.C. 4123.01(C) and 4123.80(B), and on the effect of the waiver on appellants' rights.

 We do not agree with appellees that by virtue of R.C. 4123.01(C)(3), Jones's injury is not in the course of or arising out of employment. If we were to

---

**2.** We say "apparently" because although the appellants have attached a letter from the trial judge to counsel explaining the basis of his decision, the appellees are correct that this letter is not in the record, and accordingly, we do not consider it. However, appellate review of a summary judgment is *de novo. Karmasu v. Hughes* (1995), 100 Ohio App.3d 434, 654 N.E.2d 179; *Koos v. Cent. Ohio Cellular* (1994), 94 Ohio App.3d 579, 641 N.E.2d 265.

**3.** Appellants attack the validity of the waiver on both constitutional and nonconstitutional grounds. Because we can decide this issue on nonconstitutional grounds, we will not address the appellants' constitutional issues except to the extent that the public policy embodied therein provides some rationale for our decision. *State ex rel. Hofstetter v. Kronk* (1969), 20 Ohio St.2d 117, 119, 49 O.O.2d 440, 441–442, 254 N.E.2d 15, 17.

allow this interpretation, which would remove such injuries from the workers' compensation system, employees injured in recreational activities could sue their employers for common-law negligence, and in the event of a fatal injury, dependents could bring wrongful death claims. Such an interpretation is completely at odds with the entire workers' compensation scheme. " * * * The Act [R.C. Chapter 4123] operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability * * *." *Blankenship v. Cincinnati Milacron Chemicals, Inc.* (1982), 69 Ohio St.2d 608, 614, 23 O.O.3d 504, 508, 433 N.E.2d 572, 577. Further, such an interpretation conflicts with R.C. 4123.74, which furthers the goal of the workers' compensation system by specifically providing immunity to complying employers from common-law liability for "any injury, occupational disease, or bodily condition, received or contracted by an employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition * * *." Finally, such an interpretation also conflicts with Section 35, Article II of the Ohio Constitution, which provides:

"For the purposes of providing compensation to workmen and to their dependents, for death, injuries or occupational disease, occasioned in the course of such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. *Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational diseases, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such deaths, injuries or occupational disease.* * * *" (Emphasis added.) Cf. *Brady v. Safety–Kleen Corp.* (1991), 61 Ohio St.3d 624, 633–634, 576 N.E.2d 722, 728–729.

 Thus, we first hold that the waiver which Jones signed does not remove his injury from the course of his employment and thus from the workers' compensation system. We are dealing only with an injury for which workers' compensation arguably can be waived, not with an injury which can be removed from the course of employment.[4] It does not remove the injury from the workers' compensation system.

---

4. We express no opinion on the constitutionality of the waiver as applied to an employee suffering a nonfatal injury because that issue is not before this court.

The next question we must answer is whether the release Jones signed effectively waived the rights of his dependents to death benefits.

 Looking first at the release itself, even if a worker could waive benefits other than his own, we hold that the release in this case is wholly insufficient in law to accomplish such a waiver. It simply does not inform Jones that he is or might be waiving the right of his dependents to any death benefits. The form does not even mention death benefits. *Any* limitation on workers' compensation benefits must be strictly construed to effect the purposes of the act as set forth in R.C. 4123.95. *Mentzer v. Westinghouse Corp.* (1983), 10 Ohio App.3d 198, 201, 10 OBR 271, 274, 461 N.E.2d 24, 26. Further, the form itself must be strictly construed against the drafter, in this case one or all of the defendants. See *O'Neill v. German* (1951), 154 Ohio St. 565, 571, 44 O.O. 11, 14, 97 N.E.2d 8, 11; *Farmers' Natl. Bank v. Delaware Ins. Co.* (1911), 83 Ohio St. 309, 94 N.E. 834, paragraph seven of the syllabus. This is especially so when we are dealing with statutes that are exceptions to the general rules allowing for workers' compensation.

Many years ago, in discussing the nature of workers' (then workmen's) compensation, the Ohio Supreme Court wrote that "we particularly agree that the law is founded on the principle of insurance, and that it is in no sense a pension, or bounty, or gratuity." *State ex rel. Crawford v. Indus. Comm.* (1924), 110 Ohio St. 271, 143 N.E. 574. Therefore, some analogies to insurance waivers and releases are appropriate in further analyzing the sufficiency of the release in this case.

 In order to be effective, a waiver "must be voluntary, that is intentional, with knowledge of the facts and of the party's rights * * *." *List & Son Co. v. Chase* (1909), 80 Ohio St. 42, 51, 88 N.E. 120, 122. In *Ady v. West Am. Ins. Co.* (1982), 69 Ohio St.2d 593, 599, 23 O.O.3d 495, 499, 433 N.E.2d 547, 550–551,[5] the Ohio Supreme Court, in invalidating an uninsured motorist exclusion, wrote:

"[F]urthermore, an exclusion must be conspicuous and in terminology easily understood by a customer. A customer must be aware of the provision, understand the meaning and voluntarily agree to any restrictions on the full coverage statutorily mandated." See, also, *Erie Ins. Group v. Nationwide Mut. Ins. Co.* (1989), 65 Ohio App.3d 741, 750–751, 585 N.E.2d 464, 470–471; *Sachs v. Am. Economy Ins. Co.* (1992), 78 Ohio App.3d 440, 446–447, 605 N.E.2d 403, 406–407.

The release in this case absolutely fails to inform Jones about the effect of his waiver on his dependents' benefits, and on this basis alone it would not operate as

---

5. Cited with approval in *State Farm Auto. Ins. Co. v. Alexander* (1992), 62 Ohio St.3d 397, 399, 583 N.E.2d 309, 311.

a waiver even if such a waiver were permissible. However, we also hold that even if the form Jones signed adequately advised him of what he was waiving, Jones could not, in law, waive his dependents' death benefits.

"It is a fundamental rule of statutory construction that statutes relating to the same subject matter should be construed together. In construing such statutes *in pari materia*, they should be harmonized so as to give full application to the statutes." (Citations omitted.) *State ex rel. Thurn v. Cuyahoga Cty. Bd. of Elections* (1995), 72 Ohio St.3d 289, 294, 649 N.E.2d 1205, 1209. "The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections." *United Tel. Co. v. Limbach* (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, 1131. As we have mentioned several times in this opinion, it is significant that R.C. 4123.01(C)(3) and 4123.80(B) are both exceptions to the general rules allowing compensation for work-related injuries. They must be read in conjunction with R.C. 4123.95, which provides that the workers' compensation system "shall be liberally construed in favor of the employees and the dependents of the deceased employees." Pursuant to R.C. 4123.80(B), an employee may waive *his* rights to compensation or benefits under R.C. 4123.01(C)(3). We take this to mean that regardless of what an employee can do with his own rights, he cannot waive those of his dependents.

In arguing that Jones could not waive his dependents' death benefits, appellants analogize the situation to wrongful death claims; appellees find this argument "disingenuous." In 1953, the Ohio Supreme Court wrote:

"Although it is true that the liability of an employer to dependents of an employee in case of his death must have its origin in a compensable injury to the employee which caused his death, it is a mere contingent liability until the death occurs. [Citation to prior code section omitted.] Dependency under the statute here involved can never arise unless and until the employee dies. Until then, the liability of the employer necessarily remains contingent. Whether there be any dependents and their identity can not be determined until the death of the employee. Consequently, although the right of a dependent to such award has its origin in the injury which causes death, it can not possibly arise or accrue until the death of the employee.

"An analogous situation prevails in wrongful death actions where the deaths result from injuries caused by the wrongful acts of others." *State ex rel. Jones & Laughlin Steel Corp. v. Dickerson* (1953), 160 Ohio St. 223, 226, 52 O.O. 86, 87, 115 N.E.2d 833, 834. See, also, *Indus. Comm. v. Davis* (1933), 126 Ohio St. 593, 596–597, 186 N.E. 505, 506.

Just as a person cannot waive the wrongful death benefits of his next of kin, a worker cannot waive his dependents' death benefits. See *Thompson v. Wing*

(1994), 70 Ohio St.3d 176, 183, 637 N.E.2d 917, 922; *Mahoning Valley Ry. Co. v. Van Alstine* (1908), 77 Ohio St. 395, 83 N.E. 601, paragraph three of the syllabus; *Phillips v. Community Traction Co.* (1933), 46 Ohio App. 483, 485, 189 N.E. 444, 444.

While there must be a compensable injury in order for dependents to receive death benefits, the two sets of entitlements are separate and distinct. R.C. 4123.01(C) and 4123.59; *Indus. Comm. v. Davis* (1933), 126 Ohio St. 593, 186 N.E. 505, paragraph two of syllabus. See, also, *State ex rel. Manns v. Indus. Comm.* (1988), 39 Ohio St.3d 188, 190, 529 N.E.2d 1379, 1381; *State ex rel. Jones & Laughlin Steel, supra*, 160 Ohio St. at 230, 52 O.O. at 89, 115 N.E.2d at 834–835; *State ex rel. Bessler v. Indus. Comm.* (1952), 157 Ohio St. 297, 302, 47 O.O. 179, 182, 105 N.E.2d 264, 267 (noting that the opinion in *Davis* "stresses the independent character of the two causes of action—that of the employee for compensation which arises at the time of the injury and that of the dependents which obviously can not accrue prior to the death of the employee"); *State ex rel. Gaddis v. Indus. Comm.* (1938), 133 Ohio St. 553, 11 O.O. 266, 15 N.E.2d 146, paragraph three of the syllabus; *Wells v. Gen. Motors Corp.* (1990), 69 Ohio App.3d 433, 437, 590 N.E.2d 1315, 1317. See, also, Annotation, Workmen's Compensation—Release or Waiver of Claim by Employee as Affecting Right of Dependents in Event of his Death as Result of Injury (1936), 101 A.L.R. 1410; 2 Larson, Workmen's Compensation Law (1995) 11–195, Section 64.00 ("The dependent's right to death benefits is an independent right derived from statute, not from rights of the decedent. Accordingly, death benefits are not affected by compromises or releases executed by decedent * * *.").

Thus, we hold that the recreational waiver signed by Jones in this case did not and could not operate as a bar to the death benefit claims of the appellants. We believe this conclusion is solidly supported by the public policy of this state, as articulated in R.C. 4123.95 and Sections 34 and 35, Article II of the Ohio Constitution. The trial court thus incorrectly granted summary judgment to appellees, and the first assignment of error is sustained.

In their second assignment of error, appellants argue that the trial court erred in overruling their motion for summary judgment.

In order for dependents to get death benefits, they must first prove that there was a compensable injury. *Johnson v. Indus. Comm.* (1955), 164 Ohio St. 297, 58 O.O. 90, 130 N.E.2d 807, paragraph one of the syllabus; see, also, *Farrier v. Connor* (1984), 12 Ohio St.3d 219, 221, 12 OBR 303, 304–305, 466 N.E.2d 557, 558.

We have held *supra* that the recreational waiver in this case was ineffective in law to remove the underlying injury from the workers' compensa-

tion system. This does not, however, mean that appellants are automatically entitled to death benefits. It only allows appellants the right to proceed to prove the necessary compensable injury as if there were no waiver at all, just as the employer is free to contest the compensability of the underlying injury. See *Mentzer v. Westinghouse Corp.* (1983), 10 Ohio App.3d 198, 10 OBR 271, 461 N.E.2d 24.

Appellants filed for summary judgment, arguing that they were legally entitled to death benefits. In support of their position they presented competent medical evidence that Jones died from a preexisting cause which was accelerated by an injury that he experienced in the workplace. In response to appellants' motion, appellees did not present any material demonstrating the existence of a factual dispute. They never attempted to argue in this *de novo* proceeding that even without the waiver the heart attack would not have been a compensable injury.[6] They relied solely on the waiver to prove there was no compensable injury in this case. Thus, appellees failed to meet their burden under *Wing v. Anchor Media, Ltd. of Texas* (1991), 59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.

The only competent evidence before the trial court was that which was presented by appellants.[7] Reviewing this evidence *de novo*, we hold it established as a matter of law that Jones had a compensable injury. *Swanton v. Stringer* (1975), 42 Ohio St.2d 356, 71 O.O.2d 325, 328 N.E.2d 794; *McKee v. Electric Auto–Lite* (1958), 168 Ohio St. 77, 5 O.O.2d 345, 151 N.E.2d 540, syllabus. Accordingly, the trial court erred in overruling appellants' motion for summary judgment, and their second assignment of error is sustained.

The judgment of the trial court is reversed, and final judgment is entered for appellants granting them the right to participate in the workers' compensation system for death benefits.

*Judgment reversed.*

PAINTER, J., concurs.

GORMAN, P.J., dissents.

---

**6.** At oral argument, the Assistant Attorney General was asked directly if this would have been a compensable claim without the waiver and he answered that it might be.

**7.** We note that the trial court's review of the Industrial Commission's decision is a review *de novo* and is based only upon the evidence adduced before the trial court, and not evidence that was presented to the Industrial Commission. *Marcum v. Barry* (1991), 76 Ohio App.3d 536, 539, 602 N.E.2d 419, 421, jurisdictional motion overruled (1992), 63 Ohio St.3d 1463, 590 N.E.2d 757.

GORMAN, Presiding Judge, dissenting.

I commend the majority for its attempt to craft a result which provides for the deceased's widow and family, but I cannot accept its analysis. Therefore, I must respectfully dissent.

R.C. 4123.01(C)(3) provides that if an employee signs a recreational waiver, then any injury experienced by that employee as a result of his or her voluntary participation in an employer-sponsored recreation or fitness activity is not an injury covered by the Workers' Compensation Act. Without a compensable injury, it follows that there can be no basis for paying workers' compensation benefits to either the employee or the employee's dependents.

The majority, however, concludes that it cannot "allow this interpretation" because the common law of torts would then apply to any injury suffered by the employee. According to the majority, such a result would be "completely at odds with the entire workers' compensation scheme." The *only* reason offered by the majority to support this statement is the general principle of exclusivity which holds that workers' compensation is in lieu of all other rights to damages or benefits *for a covered injury*. It is a complete *non sequitur*, however, to suggest that the exclusivity principle prohibits an employer from being sued under the common law for a *noncovered* injury. This is particularly true where the employer, pursuant to legislative authority, has voluntarily removed the injury from the workers' compensation scheme by having the employee sign a waiver.

Phillip J. Fulton, in his treatise on Ohio's workers' compensation law, acknowledges that one possible effect of a recreational-release waiver is to "expose the employer to potential liability in a civil action for negligence since the injury no longer falls within the exclusivity protection of workers' compensation legislation." Fulton, Ohio Workers' Compensation Law (1991) 155, Section 7.11. The author of the law review article cited by the majority, Wambaugh, Comment, Recreational Injuries: Ohio Employers' Dilemma Resolved? (1989), 16 N.Ky. L.Rev. 593, 601, arrives at the same conclusion, noting that the compromise effect of the recreational waiver is to place the employer back "within the purview of negligence concepts rather than under no-fault workers' compensation." Significantly, neither author finds this result antithetical to the workers' compensation scheme.

I grant that the workers' compensation statutes "shall be liberally construed in favor of employees and the dependents of deceased employees." R.C. 4123.95. It is well settled, however, that the principle of liberal construction cannot be used to provide compensation for an injury falling outside the system. *Georgejakakis v. Wheeling Steel Corp.* (1949), 151 Ohio St. 458, 461–462, 39 O.O. 276, 277–278, 86 N.E.2d 594, 596.

I also consider misplaced the majority's heavy reliance on analogies to insurance waivers and releases in private contracts of insurance to judge the sufficiency of the waiver in this case.' Such analogies are inappropriate since the workers' compensation system is a statutory *compensation* scheme and is "neither charity, nor pension, nor indemnity, *nor insurance,* nor wages" although containing certain elements common to all. (Emphasis added.) *Austin Co. v. Brown* (1929), 121 Ohio St. 271, 277, 167 N.E. 874, 876.

As a practical matter, the majority's holding that Jones "cannot, in law, waive his dependents' death benefits" by signing a recreational waiver will most likely effectively eliminate its use. The Act makes no express provision for a recreational waiver signed by dependents. Absent such a provision, employers will presumably stop employing recreational waivers, and sponsoring the activities they involve, since they offer no protection from dependents' benefits. Even if it is assumed that such a provision could be found for dependents to sign on to such a waiver, this would require the employee to, in effect, get permission from all of his or her dependents, *including minor children,* before participating in a company picnic for which the employer requires an waiver. In fact, under the majority's holding, the dissenting minor children, or children too young to make an intelligent decision, would arguably be entitled to the appointment of a guardian or next friend. The result is Orwellian.

The canons of construction enlisted by the majority to ignore the plain meaning of R.C. 4123.01(C)(3) are simply inapplicable here. The statute is neither ambiguous nor shaded by nuance. It provides clearly that a waiver, once signed by Jones, removes the injury incurred at a recreational activity from the definition of workplace injuries covered by the Act. While conceding to the majority that a dependent's right to death benefits is an independent right derived from statute, I note that it is also a right—as the majority acknowledges but then ignores—which depends entirely for its existence upon the employee suffering a compensable injury. According to statute, once Jones signed the waiver in this case, his subsequent injury at the recreational activity of his employer was unequivocally not compensable.

As noted by Wambaugh in his article, recreational waivers are the legislature's attempt to restore "equilibrium to the compensable status of injuries sustained by employees during employer-sponsored recreation in Ohio." Wambaugh, *supra,* at 602. The majority's holding, I believe, disrupts that equilibrium and sends the whole process reeling. I would, therefore, overrule both assignments of error in this case and affirm the judgment of the trial court.