OPINION
This matter presents a timely appeal from a decision rendered by the Jefferson County Common Pleas Court, sustaining the motion for summary judgment filed by defendant-appellee, Wheeling Pittsburgh Steel Corp.
Paul C. Vincent, husband of plaintiff-appellant, Dortha J. Vincent, originally filed an application for workers' compensation benefits on April 3, 1996, alleging that he had sustained an injury to his left shoulder on January 22, 1996. Mr. Vincent claimed that his injury occurred while in the course of his employment with appellee and while carrying heavy equipment from a basement to the shop for repair-following flood damage.
Mr. Vincent's claim for workers' compensation benefits was denied first by the district hearing officer for the Industrial Commission of Ohio, who found that Mr. Vincent did not provide sufficient medical documentation to causally relate his claim to a work injury of January 22, 1996. Mr. Vincent appealed this decision and his appeal was heard by a staff hearing officer, for the Industrial Commission of Ohio, who likewise denied his claim. Mr. Vincent finally filed an appeal to the common pleas court. Mr. Vincent was then hospitalized for surgery to his left shoulder and ultimately died from an infection on July 4, 1996. Appellant maintained her husband's death resulted from the surgery to his left shoulder, which appellant continued to claim related to the alleged work injury on January 22. 1996.
On August 26, 1996, appellant filed an application for death benefits. On or about May 20, 1997, a district hearing officer for the Industrial Commission of Ohio issued his decision denying appellant's claim, finding that Mr. Vincent had not reported any injury to appellee when said injury was alleged to have occurred and that Mr. Vincent did not seek medical treatment until several weeks after the alleged date of his injury. The district hearing officer further found that Mr. Vincent's original medical records did not document a history of a work-related injury. Appellant appealed the district hearing officer's ruling.
On July 1, 1997, a staff hearing officer for the Industrial Commission of Ohio issued an order denying appellant's appeal and affirming the decision of' the district hearing officer. The staff hearing officer found that Mr. Vincent had a significant history of degenerative problems with his left shoulder and that no specific injury occurred on January 22, 1996. Appellant appealed this decision and on or about July 17, 1997, a final order was issued refusing her appeal and denying her the right to receive death benefits under the workers' compensation laws of Ohio.
On August 22, 1997, appellant filed a notice of appeal from the Industrial Commission's order with the Jefferson County Common Pleas Court, along with a complaint requesting that she be awarded death benefits. Appellant alleged in her complaint that Mr. Vincent sustained a work-related injury on January 22, 1996 while in appellee's employ; that she was dependent upon Mr. Vincent for support; and, that the injury in question was the direct and proximate cause of Mr. Vincent's death on July 4, 1996.
Appellee, Wheeling Pittsburgh Steel Corp., filed its answer to appellant's complaint on September 9, 1997, setting forth an affirmative defense of res judicata or alternatively, collateral estoppel and alleging that appellant was precluded from relitigating the issue of whether Mr. Vincent sustained a work related injury on January 22, 1996. A pre-trial conference was held on May 13, 1998, at which time the trial court permitted the parties to file motions for summary judgment.
Appellee filed its motion for summary judgment on August 3, 1998, along with supporting documentation. Appellant filed a memorandum contra to appellee's motion, to which appellee responded by filing a reply. On January 13, 1999, the trial court filed its order granting summary judgment in favor of appellee. The trial court found that appellee had met the burden of establishing all of the requirements for collateral estoppel. The trial court thereby concluded that appellant was estopped from relitigating the previous finding that no work-related injury had occurred. The trial court further indicated that it found no authority for the proposition that the existence of appellate rights defeats the operation of collateral estoppel. It is from this decision that the within appeal emanates.
Appellant's sole assignment of error on appeal alleges:
"The Trial Court erred in sustaining defendant's motion for summary judgment. (see Court order of January 13, 1999)."
In determining whether a trial court has properly granted summary judgment, a court of appeals must conduct a de novo
review of the record. Grafton v. Ohio Edison Company (1996),77 Ohio St.3d 102.
Civ.R. 56 (C) recites, in pertinent part:
 "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."
As set forth by the Ohio Supreme Court in Welco Industries,Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346:
 "Under Civ.R. 56, summary judgment is proper when" (1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' "* * * Trial courts should award summary judgment with caution, being careful to resolve doubts and construe evidence in favor of the nonmoving party."
The Ohio Supreme Court in Dresher v. Burt (1996). 75 Ohio St.3d 280, held that a moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 (C) which affirmatively demonstrates that the nonmoving party has no evidence to support its claims.
The Ohio Supreme Court in Dresher, supra further held that once the moving party has met its initial burden, the nonmoving party must then produce any evidence for which such party bears the burden of production at trial.
Appellant argues that since the Ohio Supreme Court pronounced its decision in Industrial Commission v. Davis (1933), 126 Ohio St. 593, a claim for workers' compensation benefits by an injured worker and a claim for death benefits by a surviving spouse pursuant to R.C. 4123.59, have been considered two I different claims and separate, independent causes of action. In Davis, the Ohio Supreme Court held at paragraphs one and two of the syllabus:
 "1. The cause of action of an injured employee accrues at the time he receives an injury in the course of his employment, and the cause of action of a dependent of a killed employee accrues at the time of the death of such employee from an injury received in the course of his employment. (Industrial Commission v. Kamrath, 118 Ohio St. 1, approved and followed.)
 "2. Such causes of action are separate and independent, neither being dependent upon nor affected by the determination of the other."
(Emphasis added).
The court in Mentzer v. Westinghouse Corp. (1983), 10 Ohio App.3d 198, held in its syllabus, in relevant part:
 "The six-year limitation * * * does not bar a claim for death benefits which is timely filed * * * within two years after the death of the decedent, even where the Industrial Commission had previously denied the decedent's industrial claim arising from the same injury since the claim for death benefits does not accrue until the death of the decedent."
In Mentzer, the claimant filed a claim for workers' compensation benefits which was initially allowed by the Ohio Bureau of Workers' Compensation, and then later reversed on appeal by the Industrial Commission of Ohio. The claimant appealed to the common pleas court, but died during the pendency of that appeal. Thereafter, the claimant's surviving spouse filed an application for death benefits, claiming that his death was a direct result of his industrial injury. As in the case at bar, the application for death benefits was denied at the administrative level upon the ground that the cause of death was not related to any industrial injury. The surviving spouse's claim was ultimately denied by the common pleas court, which held that the six-year limitation applied to bar the claim, regardless of the claim's validity or invalidity. The appellate court inMentzer, supra reversed the decision of the common pleas court, recognizing at 200-201:
 "Under Davis, the claim for death benefits could proceed to a determination of whether death resulted from an injury sustained during the course of the decedent's employment, even though the Industrial Commission had previously denied decedent's claim arising from the same injury upon the ground that the injury was not sustained in the course of employment." (Emphasis added).
The pronouncements in Mentzer, supra are equally applicable to the factual situation in the case at bar. A surviving spouse's action for death benefits is separate and distinct from a deceased employee's claim for workers' compensation benefits and therefore, a surviving spouse is not precluded from bringing a claim for death benefits by virtue of a prior claim for workers' compensation benefits brought by the deceased employee. (SeeDavis, supra and Mentzer, supra). This is so even if the Industrial Commission denied the deceased employee's claim for workers' compensation benefits based upon the ground that the injury was not sustained in the course of employment. Mentzer,
supra.
Appellant avers that as a result of the holding in Davis, supra and its progeny, there was no privity or identical parties in the instant case and collateral estoppel did not apply to bar her claim. Appellant also maintains that the abatement of Mr. Vincent's claim due to his death impairs the operation of collateral estoppel because theoretically, there was the possibility of Mr. Vincent taking further appeal. Therefore, appellant concludes that the trial court erred in granting summary judgment in favor of appellee.
Appellee believes that collateral estoppel does apply to prevent the trial court from relitigating appellant's claim for death benefits. Appellee states that appellant's claim necessarily depends upon a determination that Mr. Vincent sustained a work-related injury in January of 1996 and such issue was already decided following two full evidentiary hearings before the Industrial Commission of Ohio prior to Mr. Vincent's death. Appellee maintains that this evidences an identity of issues. Appellee also cites to Whitehead v. General Telephone Co.of Ohio (1969), 20 Ohio St.2d 108, for the proposition that even where causes of action are separate, collateral estoppel prevents the relitigation of an issue which was determined in a prior action.
Appellee next argues that appellant and Mr. Vincent were in privity with each other. For support, appellee cites to Thompsonv. Wing (1994), 70 Ohio St.3d 176, 184, wherein the Ohio Supreme Court stated: "As a general matter, privity `is merely a word used to say that the relationship between the one who is a party on the record and another is close enough to include that other within the res judicata.'" In determining whether the parties at issue were close enough to be in privity with each other, the Ohio Supreme Court examined how closely the parties' interests were aligned and whether the subsequent party could reasonably expect to be bound by the determination of issues litigated in the earlier action. Thompson, supra. Appellee contends that since appellant was the surviving spouse of Mr. Vincent and was dependent upon him, their interests were closely aligned. Appellee further avers that as appellant's instant claim depends on the precise issue actually litigated and decided, appellant could reasonably expect to be bound by the determination concerning that issue. Therefore, appellee insists that appellant and Mr. Vincent were in privity with each other.
Finally, appellee urges that the prospect of appeal does not impair the application of collateral estoppel. Appellee cites toCully v. Lutheran Medical Center (1987), 37 Ohio App.3d 64, wherein the court held that the pendency of an appeal does not prevent a judgment's effect as res judicata in a subsequent action.
Appellee concludes that as Mr. Vincent did not have a compensable work-related injury in accordance to the workers' compensation claim which he filed, a compensable injury is not present in appellant's claim for death benefits based upon the same alleged injury, by operation of collateral estoppel. Therefore, appellee urges that the trial court properly granted summary judgment in its favor based upon the principle of collateral estoppel.
The Ohio Supreme Court in Thompson, supra stated at 183:
 "Collateral estoppel (issue preclusion) prevents parties or their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a prior suit. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action."
In Evangelinos, et al. v. Ohio Div. of Reclamation (1997),117 Ohio App.3d 720, this court cited to Grava v. Parkman Twp.
(1995), 73 Ohio St.3d 379, wherein the Ohio Supreme Court held:
 "A valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."
In order for collateral estoppel to apply in the case at bar all three requirements enunciated in Thompson, supra must be met As to the first and second elements of collateral estoppel, we do not deny that the Industrial Commission is a quasi-judicial agency which has the authority to adjudicate and decide issues on their merits. In Evangelinos, this court stated that res judicata, whether claim preclusion, meaning estoppel by judgment, or issue preclusion, meaning collateral estoppel, applies to administrative proceedings that are of a judicial nature, where the parties have had ample opportunity to litigate the issues involved in the proceeding. However, we also held that while res judicata does apply to administrative proceedings, it should be applied with flexibility. Evangelinos, supra.
In the case sub judice, Mr. Vincent had hearings before the Industrial Commission of Ohio concerning whether or not he sustained a work-related injury on January 22, 1996 as such issue applied to his claim for workers' compensation benefits. The final decision rendered by the Industrial Commission was adverse to Mr. Vincent. Consequently, Mr. Vincent appealed the ruling of the Industrial Commission to the common pleas court.
As the court in Reed v. MTD Products, Inc., Midwest Industries
(1996), 111 Ohio App.3d 451, 464, recognized: "It is well established that `[b]ecause of the de novo status afforded the review of the common pleas court [in workers' compensation cases], the findings made by the Industrial Commission become irrelevant."" (Citation omitted). Upon an appeal from the Industrial Commission pursuant to R.C. 4123.519, now R.C.4123.512, as in the case at bar, the common pleas court may within its sound discretion, consider any new or additional evidence. (See generally, Reed, supra)
Given the fact that the trial court had de novo review on Mr. Vincent's appeal from the Industrial Commission order and given the fact that Mr. Vincent died prior to prosecuting his appeal, it cannot be said that the issues raised in his workers' compensation claim were actually and directly litigated in a prior action or that a valid, final judgment rendered upon the merits was made by a court of competent jurisdiction. Therefore, the trial court erred in concluding that the first and second requirements for the application of collateral estoppel were met in this case.
Additionally, contrary to appellee's contentions, Thompson,
supra is clearly distinguishable from the case at bar. The prior action for medical malpractice in Thompson was originally brought by plaintiff-Allen in the common pleas court and was fully litigated and adjudicated by a jury. Following the death of plaintiff-Allen, Thompson brought an action on behalf of Allen's estate for wrongful death against Wing (one of Allen's treating physicians), again alleging negligence. The Ohio Supreme Court concluded that although Allen's beneficiaries were not barred from bringing a wrongful death action, they were precluded from relitigating issues that were actually litigated and determined in Allen's prior action against defendant-wing. Thompson, supra. In the case at bar, an appeal from the administrative level was brought before the common pleas court for de novo review, but was unable to reach full adjudication as a result of Mr. Vincent's death.
With regard to the issue of privity, a court must look behind the nominal parties to the substance of the cause to determine the real parties in interest. It is only then that it may ascertain whether privity exists between them. Thus, the doctrine of collateral estoppel applies not only to the parties themselves, it applies also to those in privity to them and to those who could have entered the earlier proceeding but did not avail the themselves of the opportunity. Howell v. Richardson
(1989), 45 Ohio St.3d 365. The identity of parties is not a mere matter of form, but a matter of substance.
In Wells v. General Motors Corporation (1990), 69 Ohio App.3d 433, the court referred to both Davis, supra and Mentzer, supra and held that a surviving spouse s cause of action is not affected by the determination of the employee's cause of action. Particularly, the Wells court noted that appellant was not a party to her husband's prior claim for workers' compensation benefits and her claim for death benefits did not accrue until his death.
Thereafter, in Altvater v. Claycraft Co. (1991), 71 Ohio App.3d 264,269, the court stated:
 "It is well settled that `* * * litigation in one capacity, individual or representative, does not preclude relitigation in a different capacity, individual or representative. * * *'" (Citation omitted)
The Altvater court held that a surviving spouse's right to pursue recovery for death benefits, wherein he or she is designated as the claimant, exists by virtue of R.C. 4123.59, which provides for benefits to "dependents." A spouse does not appear in a claim for workers' compensation and a claim for death benefits in the same capacity. Altvater, supra.
In Bentley v. Grange Mutual Casualty Insurance Company (1997),119 Ohio App.3d 93, the court acknowledged and referred to the language in both Whitehead, supra and Thompson, supra in addressing an issue concerning collateral estoppel. However, the Bentley court noted at 101:
 "`Most courts * * * will not bind a nonparty to a decision adverse to his interests merely because a common question of fact or law exists in the cases and the nonparty had the same general interests as one of the parties to the lawsuit.'" (Citation omitted)
The Bentley court further referred to Goodson v. McDonoughPower Equipment, Inc. (1983), 2 Ohio St.3d 193, in stating that the Ohio Supreme Court is willing to relax the mutuality (privity) requirement where justice would reasonably require it.
Regardless of the fact that appellant was the wife of Mr. Vincent, she did not appear as a party in his claim for workers' compensation, nor can it be said that she was closely aligned in interest to him. While there must be a compensable injury in order for dependents to receive death benefits, the two sets of entitlements are separate and distinct. (See Davis, supra). As previously stated, appellant's claim for death benefits did not accrue until Mr. Vincent's death. Furthermore, as Mr. Vincent died prior the conclusion of his appeal before the trial court onde novo review, appellant could not reasonably expect to be bound by any determination rendered by the Industrial Commission. The findings of the Industrial Commission became irrelevant upon Mr. Vincent's appeal to the common pleas court. Reed, supra. Although collateral estoppel is applicable to administrative proceedings under the appropriate factual circumstances, it is not applicable where the party upon whom collateral estoppel is asserted in a subsequent action, lacks privity with the party in the first action. Based upon a thorough review of the record and the applicable case law, it cannot be said that appellant was in privity with Mr. Vincent.
Finally, although appellee cites to Cully, supra for the proposition that the pendency of an appeal does not prevent a judgment's effect as res judicata in a subsequent action, the decision in Cully did not address this issue as it applied to an appeal from the Industrial Commission to the common pleas court, which exercises de novo review. Furthermore, in Ratliff v. Flowers
(1970), 25 Ohio App.2d 113, the court stated in its syllabus:
 "Where there is a denial of workmen's compensation benefits to an employee and, during an appeal to a Court of Common Pleas, he dies before a disposition of the case is made, the action abates by force of the workmen's compensation statutes, and the general statutes of abatement and revivor are inapplicable."
In Estate of Orecny v. Ford Motor Company (1996), 109 Ohio App.3d 462, the court acknowledged the decision in Rathff, supra and went on to explain that "a workers' compensation claim does not later abate if the Industrial Commission allows such claim or the claimant prevails on his appeal in the trial court before his death.
The case at bar is closely aligned "to the factual situation in Ratliff, supra as Mr. Vincent's claim for workers' compensation benefits was denied by the Industrial Commission and he died prior to the disposition of the appeal which he filed with the common pleas court. Therefore, upon his death, Mr. Vincent's claim abated and collateral estoppel did not apply to appellant on this basis.
In sum, appellee was not able to establish that all requirements necessary for application of the doctrine of collateral estoppel pursuant to Thompson, supra were met in the within case. As we previously stated, given the fact that the trial court had de novo review on Mr. Vincent's appeal from the Industrial Commission order and given the fact that Mr. Vincent died prior to prosecuting his appeal, it cannot be said that the issues raised in his workers' compensation claim were actually and directly litigated or that a valid, final judgment rendered upon the merits was made by a court of competent jurisdiction.
Therefore, genuine issues of material fact exist, precluding summary judgment in favor of appellee, concerning K whether Mr. Vincent's death arose out of the course of his employment for purposes of determining appellant's entitlement to death benefits, even though Mr. Vincent's prior claim for workers' compensation benefits had been denied by the Industrial Commission of Ohio. The trial court erred; in applying the doctrine of collateral estoppel to preclude appellant from litigating her death benefit claim and erred in granting summary judgment in favor of appellee.
Appellants' sole assignment of error on appeal is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with the I law and consistent with this opinion.
Vukovich, J., concurs.
Waite, J., concurs in judgment Only.