THE STATE, EX REL. HOFSTETTER, APPELLANT, *v.* KRONK, AUDITOR, ET AL., APPELLEES.

[Cite as State, ex rel. Hofstetter, v. Kronk, 20 Ohio St. 2d 117.]

(No. 69-145—Decided December 17, 1969.)

118

*Mr. Albert Ohralik,* for appellant.
*Mr. Gene Henry,* prosecuting attorney, for appellees.

Duncan, J. Relator contends that the Ohio Constitution prevents his removal from office in any way during

the term for which he was elected, and therefore that a writ of mandamus directing the payment of his salary for the balance of the full term should issue. Although the Court of Appeals held against relator on a constitutional issue, we find that another issue is dispositive of the controversy. We therefore adhere to the rule not to decide constitutional questions unless absolutely necessary. *State, ex rel. Herbert,* v. *Ferguson,* 142 Ohio St. 496; *Belden* v. *Union Central Life Ins. Co.,* 143 Ohio St. 329; *Euclid* v. *Heaton,* 15 Ohio St. 2d 65.

We hold that the principle of collateral estoppel bars relator from litigating an issue which has already been decided by a court of competent jurisdiction. Collateral estoppel bars a party or his privies from relitigating a point or fact actually in issue in a prior suit, even though the cause of action is different. Paragraph two of the syllabus of *Whitehead* v. *General Tel. Co.,* 20 Ohio St. 2d 108; *Conold* v. *Stern,* 138 Ohio St. 352; *Schimke* v. *Earley,* 173 Ohio St. 521. In applying collateral estoppel, a court looks beyond the nominal parties to discover the real party in interest. Mr. Justice Douglas stated this clearly when he said that " 'identity of parties is not a mere matter of form, but of substance.' " *Sunshine Anthracite Coal Co.* v. *Adkins,* 310 U. S. 381, 402.

In a case somewhat analogous to the instant case, this court held that the Director of Highways, defending a mandamus action, was bound by a prior judgment in an ejectment action brought by the Director of Public Works. There, this court reasoned that the state was the real party in interest and was bound by the prior judgment regardless of which state official was nominally listed as a party. *State, ex rel. Wilson,* v. *Preston,* 173 Ohio St. 203. In the instant case, notwithstanding the fact that county officials and county government, rather than state officials and state government, are involved, the dispositive issue is identical. Other jurisdictions also hold that agents of the same government are, for the purposes of *res judicata,* the same party or in privity with each other when they represent the government's right and not their own rights.

*Sunshine Anthracite Coal, supra; Moon* v. *Dulles* (C. A. 9), 237 F. 2d 241; *Lerner* v. *Los Angeles Bd. of Edn.*, 59 Cal. 2d 382, 380 P. 2d 97; *State, ex rel. Bobo,* v. *County of Moore,* 207 Tenn. 622, 341 S. W. 2d 746.

Inasmuch as the January 1964 mandamus order of the Court of Common Pleas (which directed relator to surrender all the records and other property of the County Court to the Chardon Municipal Court) was not appealed, relator is barred from prosecuting this action. In order to issue the writ of mandamus in 1964, the Court of Common Pleas had to determine whether or not relator was entitled to retain his position. In order to issue the writ requested in this case the Court of Appeals had to determine whether or not relator was entitled to retain his position. In both cases, the real parties in interest were the relator and the county. Since the question in both cases is identical, and under our real party in interest analysis the same parties are involved, relator is estopped from relitigating that question.

Relator had a right to appeal the question, but waived it. Mandamus cannot now be used as a substitute for appeal. See Section 2731.05, Revised Code; *State, ex rel. Pressley,* v. *Indus. Comm.,* 11 Ohio St. 2d 141; *State, ex rel. Smith,* v. *Young,* 137 Ohio St. 319.

Therefore, the judgment of the Court of Appeals denying the writ of mandamus is affirmed.

*Judgment affirmed.*

TAFT, C. J., MATTHIAS, O'NEILL, SCHNEIDER, HERBERT and CORRIGAN, JJ., concur.