OPINIONS OF THE SUPREME COURT OF OHIO

The full texts of the opinions of the Supreme Court of Ohio are being transmitted electronically beginning May 27, 1992, pursuant to a pilot project implemented by Chief Justice Thomas J. Moyer.

Please call any errors to the attention of the Reporter's Office of the Supreme Court of Ohio. Attention: Walter S. Kobalka, Reporter, or Deborah J. Barrett, Administrative Assistant. Tel.: (614) 466-4961; in Ohio 1-800-826-9010. Your comments on this pilot project are also welcome.

NOTE: Corrections may be made by the Supreme Court to the full texts of the opinions after they have been released electronically to the public. The reader is therefore advised to check the bound volumes of Ohio St.3d published by West Publishing Company for the final versions of these opinions. The advance sheets to Ohio St.3d will also contain the volume and page numbers where the opinions will be found in the bound volumes of the Ohio Official Reports.

Wilson et al., Appellees, v. Stark County Department of Human Services et al., Appellants.
[Cite as Wilson v. Stark Cty. Dept. of Human Serv. (1994), Ohio St.3d     .]
Sovereign immunity -- "Employee" as defined in R.C. 2744.01(B) does not include a county department of human services -- Immunity from civil liability conferred upon a county by R.C. Chapter 2744 extends to county's human services department.
1. "Employee," as defined in R.C. 2744.01(B), does not include a county department of human services.
2. Where a county is immune under R.C. 2744.02 in its operation of a county department of human services, that immunity extends to the department of human services itself.
(No. 93-1000 -- Submitted May 11, 1994 -- Decided September 28, 1994.)
Appeal from the Court of Appeals for Stark County, No. CA-9079.

On June 24, 1991, appellees Robert and Martha Wilson sued the Stark County Department of Human Services, the Seneca County Department of Human Services, and the Boards of Commissioners of Stark and Seneca Counties, in Stark County Common Pleas Court. The Wilsons sought damages on theories of fraud, intentional or reckless infliction of emotional distress, and breach of contract, all arising from actions of the departments of human services in placing two adoptive children in the Wilson home. The Wilsons have abandoned their contract claim. Four children were at one time placed in the Wilsons' home, but the Wilsons eventually adopted only the two mentioned in the complaint.

The record contains evidence of the following facts. When the Wilsons first met the prospective adoptive children in November 1985, the children were in foster care under the supervision of the Seneca County Human Services Department. After meeting with the Wilsons, employees of the Seneca County Department of Human Services arranged several trial visits for the children at the Wilson home. The children were placed with

the Wilsons on a full-time basis in January 1986.  Social workers from both Stark and Seneca Counties monitored the placement.  The adoption became final in February 1987.

The Wilsons alleged that the adopted children had been disruptive and assaultive toward members of the Wilson family. The Wilsons further alleged that both human services departments knew or should have known that the children were so emotionally disturbed that they were not suitable for adoptive placement, and that the departments of human services fraudulently misrepresented and concealed facts about the children's backgrounds that were material to the Wilsons' decision to complete the adoption.

All defendants moved for summary judgment, which the trial court granted on the grounds of immunity from suit under R.C. 2744.03(A)(5) and lack of a genuine issue of material fact whether the defendants had acted maliciously, in bad faith or recklessly.  The Stark County Court of Appeals affirmed the part of the trial court's judgment that held that the defendant counties were immune under R.C. Chapter 2744, but reversed the trial court's judgment in favor of the departments of human services.  The court of appeals held that a department of human services is not a political subdivision, but rather "an agent or employee of the political sub-division [sic] as defined in R.C. {2744.01(B)" that could be held liable upon proof of malice, bad faith, or recklessness.

The cause is now before this court pursuant to the allowance of a motion to certify the record.

Buckingham, Doolittle & Burroughs, James R. Brandon and Douglas C. Bond, for appellees.

Isaac, Brant, Ledman & Teetor, Mark Landes and Marc J. Kessler; and Paul F. Kutscher, Jr., Seneca County Prosecuting Attorney, for appellants Seneca County Board of Commissioners and Seneca County Department of Human Services.

Tim M. Watterson, Assistant Stark County Prosecuting Attorney, for appellants Stark County Board of Commissioners and Stark County Department of Human Services.

Isaac, Brant, Ledman & Teetor, Mark Landes and Marc J. Kessler, urging reversal on behalf of amicus curiae, County Commissioners Association of Ohio.

Moyer, C.J.    The issue before the court is whether the immunity from civil liability conferred upon a county by R.C. Chapter 2744 extends to the county's human services department.  We answer this question in the affirmative, reverse the court of appeals and reinstate the judgment of the trial court.  The parties have not placed in issue the constitutionality of the provisions of R.C. Chapter 2744 involved in this case.

Political subdivisions are shielded from civil liability as provided by R.C. Chapter 2744.  R.C. 2744.02(A)(1) creates a broad immunity, subject to enumerated exceptions:

"For purposes of this chapter, the functions of political subdivisions are hereby classified as governmental functions and proprietary functions.  Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to persons

or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1) for political subdivisions. One of the exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See Garrett v. Sandusky (1994), 68 Ohio St.3d 139, 624 N.E.2d 704. There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case.

The definition of a "governmental function" expressly includes the operation of a human services department. R.C. 2744.01(C)(2)(m). Moreover, the definition of a "political subdivision" expressly includes counties. R.C. 2744.01(F). The statute is silent on whether county departments of human services are themselves political subdivisions. For the reasons stated below, however, there is no need to determine whether the defendant human services departments are political subdivisions per se. The departments of human services are the instrumentalities through which the political subdivisions carry out governmental functions.

The court of appeals concluded that the defendant departments of human services are not immune under R.C. 2744.02(A)(1) because they are not political subdivisions per se, but instead fall under the definition of "employee" found at R.C. 2744.01(B). Employees of political subdivisions can be individually liable upon a showing of malice or wanton or reckless behavior. R.C. 2744.03(A)(6). The Wilsons did not name any individual persons as defendants.

R.C. 2744.01(B) states:

"'Employee' means an officer, agent, employee, or servant, whether or not compensated or full-time or part-time, who is authorized to act and is acting within the scope of his employment for a political subdivision ***."

The General Assembly defined "employee" as an individual natural person. The rule of noscitur a sociis, "it is known from its associates," aids us in interpreting the language. The rule follows from the premise that "the coupling of words denotes an intention that they should be understood in the same general sense." 2A Sutherland Statutory Construction (5 Ed. Singer Rev.1992) 183, Section 47.16. It would be awkward at best to contemplate a part-time human services department, or a department acting within the scope of "his" employment. We conclude that "employee," as defined in R.C. 2744.01(B), does not include a county department of human services.

The policies underlying R.C. Chapter 2744 support this interpretation. R.C. Chapter 2744 was the General Assembly's response to the judicial abrogation of common-law sovereign immunity. Franks v. Lopez (1994), 69 Ohio St.3d 345, 347, 632

N.E.2d 502, 504.  The manifest statutory purpose of R.C. Chapter 2744 is the preservation of the fiscal integrity of political subdivisions.  Menefee v. Queen City Metro (1990), 49 Ohio St.3d 27, 550 N.E.2d 181.  R.C. 2744.01(C) encompasses a wide array of governmental functions, many of which are performed by political subdivisions through their departments and agencies.  The operation of a department of human services is just one such example.

In an action against its department of human services, the county is a real party in interest.  State ex rel. Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 49 O.O.2d 440, 254 N.E.2d 15, paragraph three of the syllabus.  A claim against a county department of human services, then, is in effect a claim against the county itself.  To allow such a claim arising from the performance of a governmental function would frustrate the purpose of the statute.  The burdens imposed by litigation and damage awards ultimately fall upon the same county resources regardless of whether the nominal defendant is the county board of commissioners or the county department of human services.

It is therefore unnecessary to decide whether county departments of human services are in themselves political subdivisions; when performing their usual and proper functions they are, for the purposes of R.C. Chapter 2744, integral parts of their counties.  Where a county is immune under R.C. 2744.02 in its operation of a human services department, that immunity extends to the human resources department itself.  Accordingly, the defendant departments of human services were entitled to summary judgment as a matter of law.

The judgment of the court of appeals is reversed, and the judgment of the trial court is reinstated.

Judgment reversed.

A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.

Pfeifer, J., dissenting.  I agree with the majority that a county department of human services is not an "employee" as defined in R.C. 2744.01(B), and is thus not individually liable under R.C. 2744.03(A)(6) for its malicious, wanton, or reckless behavior.

While the majority's statutory interpretation is correct, I dissent because the statutory chapter it interprets, R.C. Chapter 2744, violates Section 16, Article I of the Ohio Constitution, and is thus unenforceable.  For the reasons stated in my concurrence in Garrett v. Sandusky (1993), 68 Ohio St. 3d 139, 142, 624 N.E.2d 704, 707, it is contrary to the Ohio Constitution to hold that a governmental entity is immune from suit simply by virtue of its status as sovereign.