DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant, State Auto Mutual Insurance Company, appeals the judgment of the Summit County Court of Common Pleas that awarded prejudgment interest to plaintiff-appellee, Raymond L. Foster, on a judgment awarding payment under his underinsured motorist policy. We reverse.
This is the third appeal brought by these parties. For the sake of brevity, we note the following facts as recited in Fosterv. State Auto Mut. Ins. Co. (Dec. 16, 1998), Summit App. No. 19007, unreported, at 1-2 (Foster II):
Foster was injured in an automobile accident that occurred on
 July 1, 1987. A settlement, approved by State Auto, was reached with the tortfeasor for $90,000. Foster then asserted a claim for underinsured motorist ("UM") benefits under his automobile insurance policy with State Auto. The parties proceeded to arbitration pursuant to the insurance contract, and the arbitrators awarded Foster $400,000. State
Auto appealed the arbitration award to the Summit County
 Court of Common Pleas for trial de novo. A jury trial was held only on the issue of Foster's damages. The jury rendered a verdict for Foster, with a net award of $110,000.
Foster moved for prejudgment interest. The trial court granted the motion pursuant to R.C. 1343.03(C). State Auto appealed, and this court reversed and remanded, noting that prejudgment interest on underinsured motorist claims must be determined under R.C.1343.03(A) from the date the benefits become due and payable.Foster II, supra, at 2-3, citing Landis v. Grange Mut. Ins. Co.
(1998), 82 Ohio St.3d 339, 341-42.
On remand, the trial court awarded prejudgment interest to Foster pursuant to R.C. 1343.03(A) and determined that the judgment became due and payable as of the date of the accident, July 1, 1987. State Auto timely appealed, raising two assignments of error. Because the second assignment of error is dispositive of this appeal, it is addressed first.
ASSIGNMENT OF ERROR II
 The trial court erred in finding that [Foster] was entitled to prejudgment interest pursuant to R.C. 1343.03(A) from the date of the accident. Pursuant to the insurance contract, there was no amount "due and payable" until the jury returned its verdict.
State Auto has argued that the trial court incorrectly determined that the judgment in this case was due and payable from the date of the accident. We agree.
Although underinsured motorist claims arise out of tortious conduct, the claims themselves are contractual in nature. Landisv. Grange Mut. Ins. Co., 82 Ohio St.3d at 341. The recipient of a judgment based on a contract action may recover interest at a maximum annual rate of ten percent from the date the judgment became due and payable. R.C. 1343.01(A). It is within the discretion of the trial court to determine when a judgment became due and payable, and this court will not reverse the trial court's determination in the absence of an abuse of that discretion. SeeLovejoy v. Westfield Natl. Ins. Co. (1996), 116 Ohio App.3d 470,477. Accord, Landis v. Grange Mut. Ins. Co., 82 Ohio St.3d at 342
(noting that the date upon which a judgment becomes due and payable must be determined by the trial court).
In Landis, the insurer denied payment under the terms of UIM coverage. The trial court entered a declaratory judgment in favor of the insured, and the matter proceeded to arbitration on the issue of damages. The Court observed that had the insurer not denied payment, the issue of damages would have gone directly to arbitration "and the benefits would have become due and payable no later than upon entry of the arbitrator's award." Landis v.Grange Mut. Ins. Co., 82 Ohio St.3d at 341. The court noted that "[a] determination that the benefits became due and payable upon the entry of the arbitrator's award would, in this case, work an injustice by rewarding [the insurer] for improperly denying benefits." (Citations omitted.) Id. at 341-42. Accordingly, the court concluded:
 Whether the prejudgment interest in this case should be calculated from the date coverage was demanded or denied, from the date of the accident, from the date at which arbitration of damages would have ended if [the insurer] had not denied benefits, or some other time based on when [the insurer] should have paid [the insured] is for the trial court to determine.
Id. at 342.
In this case, State Auto maintained that Foster's injuries were substantially compensated by the tortfeasor's insurer, but nonetheless offered to pay $10,000 under his underinsured motorist coverage. The policy at issue provided:
ARBITRATION
A. If we and an "insured" do not agree:
* * *
2. As to the amount of damages;
either party may make a written demand for arbitration.
* * *
* * *
 C. * * * A decision agree to by two of the arbitrators will be binding as to:
* * *
 2. The amount of damages. This applies only if the amount does not exceed the minimum limit for bodily injury liability specified by the financial responsibility law of the state in which "your covered auto" is principally garaged. If the amount exceeds that limit, either party may demand the right to a trial. * * * If [a] demand is not made, the amount of damages agreed to by the arbitrators will be binding.
Pursuant to the policy, the amount of the judgment on Foster's claim remained at issue after arbitration because State Auto demanded a trial on the issue of damages. The conclusion reached by the Supreme Court of Ohio in Landis contemplates that the date on which a claim becomes due and payable may, on the facts of a specific case, be the date on which the concluding step in the process of determining the amount payable is completed.
This process was not completed until trial on the amount of damages was had and a judgment was rendered for Foster. The trial court determined that the judgment became due and payable as of the date that the automobile accident occurred without considering the contractual nature of the claim by referencing the policy. "[A]n insurance policy is a contract, and *** the relationship between the insured and the insurer is purely contractual in nature." Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999),85 Ohio St.3d 660, 663. The trial court's determination is not supported by facts in the record or by the contract provisions at issue. Consequently, this determination is in error, and State Auto's second assignment of error is well taken.
ASSIGNMENT OF ERROR I
 The trial court denied State Auto Due Process of Law by not providing it an opportunity to be heard prior to finding that statutory interest on [Foster's] underinsured motorist claim accrued on the date of the accident.
State Auto's first assignment of error is rendered moot by our disposition of the second and, therefore, it need not be addressed at this time. See App.R. 12(A)(1)(c). See, also, Stateex rel. Crabtree v. Ohio Bureau of Workers' Comp. (1994), 71 Ohio St.3d 504,507, citing State ex rel. Hofstetter v. Kronk (1969),20 Ohio St.2d 117, 119.
State Auto's second assignment of error is sustained, and the judgment of the trial court is reversed. Foster is awarded prejudgment interest to be calculated at a rate of ten percent per annum from the date of the verdict, June 3, 1997.
Judgment reversed.
 KK
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellee.
Exceptions.
LYNN C. SLABY
FOR THE COURT BAIRD, P.J.
WHITMORE, J., CONCUR