DECISION AND JUDGMENT ENTRY
This matter is before the court on the pro se petition of relator, Deshaun Jackson, who requests that the court issue a writ of mandamus, pursuant to R.C. Chapter 2731, ordering respondent, Honorable Judge Joseph E. Cirigliano, to comply with R.C.2929.14(E)(4)[1] when sentencing relator and on the motion to dismiss filed by respondent. For the reasons discussed below, respondent's motion to dismiss is granted and relator's petition is dismissed.
The history of this case is as follows. Relator was convicted of three counts of complicity to felonious assault in the Erie County Court of Common Pleas. Relator appealed that decision to this court, and on February 5, 1999, this court affirmed relator's conviction. State v. Jackson (Feb. 5, 1999), Erie App. No. E-97-116, unreported. However, we vacated appellant's sentence and remanded the matter to the trial court for resentencing because the trial court did not make specific findings on the record to support the imposition of consecutive sentences, as required by former R.C. 2929.14(E)(3). Id.
On February 24, 1999, relator was brought before the trial court for a resentencing hearing. On March 1, 1999, the trial court filed a judgment entry in which it stated that relator had "waived his right to appeal the sentence only and reserved the right to appeal all other appealable issues * * * [and] further waived his right for findings on the record." The trial court then resentenced appellant to three five-year consecutive prison terms. The record did not contain any findings by the trial court relating to the imposition of consecutive sentences.
Relator then filed a request for a delayed reopening of his appeal in this court, in which he asserted that his new sentence was contrary to law because the record did not contain the requisite findings pursuant to R.C. 2929.14(E)(3). On October 28, 1999, this court denied relator's request for a delayed appeal, after stating that the "appropriate procedure to attack the trial court's failure to comply with this court's mandate" is a petition for writ of mandamus. State v. Jackson (Oct. 28, 1999), Erie App. No. E-99-062, unreported.
Then, on January 12, 2000, relator filed a petition for writ of mandamus asking the trial court to order respondent to sentence him in accordance with R.C. 2929.14(E)(4). This court granted relator's petition on March 2, 2000 and ordered respondent to make the requisite findings of fact necessary for consecutive sentences. In response to our mandate, the trial court resentenced relator on April 13, 2000. Included in the trial court's judgment entry were the following findings:
 "The Court finds that the defendant meets the criteria set forth in O.R.C. § 2929.14(E)(4) et seq. for the imposition of consecutive sentences. The Court further finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public."
In response to the March 29, 2000 judgment entry, relator requests a writ of mandamus ordering the trial court to "resentence the relator to one sentence." In support of this petition, relator does not argue that the trial court did not make any findings, but argues instead that the findings made were insufficient and not supported by the facts. Specifically, relator states that some of relator's prior convictions which the court relied on when sentencing relator were inaccurate, that his actions did not actually pose a threat to the public, that consecutive terms are disproportionate to the seriousness of his conduct, and that R.C. 2929.14(E)(3)(a),(b) and (c) do not apply in his case.
Mandamus is appropriate only if relator can establish "a clear legal right to the relief prayed for, that respondent has a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." State ex rel. Seikbertv. Wilkinson (1994), 69 Ohio St.3d 489, 490. Mandamus cannot be issued to direct a public official to perform an act that has already been performed. State, ex rel. Breaux, v. Court of CommonPleas (1977), 50 Ohio St.2d 164, citing State, ex rel. Bowman, v.Asmann (1925), 113 Ohio St. 394. Mandamus is not appropriate in this case as respondent has complied with this court's prior mandate by making findings of fact in support of consecutive sentences. Relator has an adequate remedy for any inadequacies in the court's findings by way of appeal.[2]
Accordingly, relator's action in mandamus is hereby ordered dismissed at relator's cost.
James R. Sherck, J., Richard W. Knepper, P.J.,Mark L. Pietrykowski, J., CONCUR.
[1] The relevant statute is actually former R.C.2929.14(E)(3), effective January 1, 1997. These provisions, however, are essentially the same.
[2] This statement is not meant to reflect this court's opinion on whether relator has waived his right to appeal. This decision is not affected by any possible waiver of relator's right to appeal. Mandamus cannot be used as a substitute for appeal when relator waives his right to appeal. See, State, ex rel.Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 120.