OPINION
{¶ 1} Plaintiff-appellant, Nicholas F. Brewer, appeals the decision of the Butler County Court of Common Pleas that granted summary judgment in connection with the demolition of appellant's partially constructed house.
 {¶ 2} Appellant, pro se, filed a civil complaint against defendants-appellees, West Chester Township Planning and Zoning Department; Judith Carter, director of the West Chester Township Planning and Zoning Department; Spencer Traub, Code Enforcement Officer for the township department; West Chester Township Administrator David Gully; West Chester Township and its trustees Jose Alvarez, David Tacosik and Catherine Stoker,[1] alleging that he was entitled to money damages from West Chester because they wrongfully demolished his partially constructed house. West Chester filed a motion for summary judgment, which was granted by the trial court, and appellant appealed. We affirm the decision of the trial court.
 {¶ 3} In 1984, the Butler County Building and Zoning Department ("county department") issued a building permit to appellant for construction of a single-family home in Union Township, n.k.a. West Chester Township. In 1987, appellant stopped any major construction work on the home. During the late 1990s, appellant eventually applied to the county department for a new building permit. The county department required appellant to furnish plans and calculations for the home that had been prepared and stamped by a registered architect or a professional engineer because appellant had used unconventional building materials. Appellant did not provide the plans the department required, and the building permit was never issued. Appellant appealed the department's denial of his application for the building permit to the Butler County Residential Board of Appeals, and that appeal was denied. Appellant took no further appeal from the Residential Board of Appeals' decision.
 {¶ 4} Meanwhile, the unfinished state of the home was determined to violate West Chester's Residential Property Maintenance Code, adopted in 1997. West Chester eventually served appellant with a notice of violation and demolition order. Appellant appealed this order to the West Chester Township Board of Zoning Appeals. Appellant's appeal was denied. Appellant took no further appeal from the board's decision, and after appellant failed to raze the house, the structure was demolished by West Chester in 1999.
 {¶ 5} Appellant, pro se, filed this civil suit against West Chester, alleging that he was owed money damages for the demolition of his house. West Chester argued that it was entitled to immunity under the Political Subdivision Tort Liability Act. West Chester also argued that appellant's claims were res judicata because he had failed to appeal the decisions of the Butler County Residential Board of Appeals and the West Chester Board of Zoning Appeals.
 {¶ 6} The trial court granted West Chester's motion for summary judgment, solely on the issue of governmental immunity. Appellant appeals, raising three assignments of error.
Assignment of Error No. 1:
 {¶ 7} "The decision of this Court of Appeals granting the Appellee-Defendants' premature immunity in a previous unrelated case, Case No. CA 2000 10 0196 is contrary to the Law and legal procedures and therefore this case should be remanded for trial."
 {¶ 8} We decline, as improper and untimely, appellant's request that we review our decision in a previous appeal. Based upon appellant's arguments presented in his brief, we will consider appellant's first assignment of error as contesting the trial court's grant of summary judgment on the issue of governmental immunity in the case sub judice. We find this assignment of error dispositive of this appeal.
 {¶ 9} Summary judgment is proper when, looking at the evidence as a whole, (1) no genuine issue of material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence, construed most strongly in favor of the nonmoving party, that reasonable minds could only conclude in favor of the moving party. Civ.R. 56(C); Horton v. Harwick Chem. Corp.,73 Ohio St.3d 679, 686-687, 1995-Ohio-286.
 {¶ 10} In deciding whether there is a genuine issue of material fact, the evidence and the inferences drawn from the underlying facts must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co., 82 Ohio St.3d 482, 485, 1998-Ohio-408. We independently review the grant of the motion for summary judgment and do not give deference to the trial court's determination. Schuch v. Rogers (1996),113 Ohio App.3d 718, 720.
 {¶ 11} The availability of immunity is a question of law that is properly determined by the court before trial. Carpenter v.Scherer-Mountain Ins. Agency (1999), 135 Ohio App.3d 316, 330. Accordingly, we review de novo a trial court's summary judgment decision on immunity grounds. Id.
 {¶ 12} Under the Political Subdivision Tort Liability Act, "political subdivision" is defined as a "municipal corporation, township, county, school district, or other body corporate and politic responsible for governmental activities in a geographic area smaller than that of the state." R.C. 2744.01(F).
 {¶ 13} Under this definition, West Chester is a political subdivision. West Chester's zoning department is an instrumentality carrying out the functions of West Chester. It is therefore entitled to the immunity from tort liability provided to political subdivisions in R.C. Chapter 2744. See Wilson v. Stark Cty. Dept. of Human Service,70 Ohio St.3d 450, 452, 1994-Ohio-394; R.C. 2744.01(B).
 {¶ 14} R.C. 2744.02(A)(1) states, in part: "Except as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."
 {¶ 15} The immunity afforded a political subdivision in R.C.2744.02(A)(1) is subject to the five exceptions to immunity listed in R.C. 2744.02(B). Once immunity is established, the second tier of analysis is whether any of the five exceptions to immunity in subsection (B) apply. Cater v. City of Cleveland, 83 Ohio St.3d 24, 29,1998-Ohio-421. Under the third tier of analysis, if one of the exceptions in R.C. 2744.02(B) applies, immunity can be reinstated if the political subdivision can successfully argue that one of the defenses contained in R.C. 2744.03 applies. Id.
 {¶ 16} R.C. 2744.01(C), in pertinent part, defines "governmental function" as a function that is imposed upon the state as an obligation of sovereignty and that is performed by a political subdivision voluntarily or pursuant to legislative requirement, or a function that promotes or preserves the public peace, health, safety, or welfare; that involves activities that are not engaged in or not customarily engaged in by nongovernmental persons.
 {¶ 17} R.C. 2744.01(C)(2)(p) further defines "governmental function" to include the provision or nonprovision of inspection services of all types, including but not limited to, inspections in connection with building, zoning, sanitation, fire, plumbing and electrical codes, and the taking of actions in connection with those types of codes, including but not limited to, the approval of plans for the construction of buildings or structures and the issuance or revocation of building permits or stop work orders in connection with buildings or structures. See Browning v. City of Chillicothe (Dec. 20, 1995), Ross App. No. 95-CA-2086 (enforcement of the city's building code, resulting in destruction of appellant's building was a governmental function).
 {¶ 18} We find that West Chester engaged in a governmental function by participating in such activities as, but not limited to, the inspection and "taking of action" in connection with the West Chester property maintenance code. Appellant failed to assert that the actions of West Chester or its zoning department fell within one of the exceptions to immunity enumerated in R.C. 2744.02(B). Therefore, West Chester and its zoning department are immune from liability under R.C. 2744.02(A)(1), and we need not reach the third tier of the analysis.
 {¶ 19} Appellant alleged that West Chester employees acted in a malicious, wanton, or reckless fashion or in bad faith. R.C.2744.03(A)(6)(b) provides that an employee[2] of a political subdivision is immune from liability for his acts and omissions unless the "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner."[3]
 {¶ 20} Malice is defined as the willful and intentional design to harm another by inflicting serious injury without excuse or justification. Garrison v. Bobbitt (1999), 134 Ohio App.3d 373, 384, "Bad faith" denotes a dishonest purpose, moral obliquity, conscious wrongdoing, breach of a known duty through some ulterior motive or ill will partaking of the nature of fraud, and embraces actual intent to mislead or deceive another. Id. Wanton misconduct implies a disposition to perversity and a failure to exercise care toward those to whom care is owed when probability that harm would result is great and such probability was known or should have been known. Id. An individual acts recklessly when he or she, bound by a duty, does an act or intentionally fails to do an act, knowing, or having reason to know of, facts that would lead a reasonable person to realize not only that there is an unreasonable risk of harm to another, but also that such risk is substantially greater than that which is necessary for negligence.Garrison at 384.
 {¶ 21} The record only contains appellant's vague allegations that Traub or Carter or any other named employee acted with malice, in bad faith, or in a reckless or wanton fashion in this matter. In responding to a motion for summary judgment, the nonmoving party may not rest on bare assertions to demonstrate a factual dispute.Dresher v. Burt, 75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 22} Construing the evidence most favorably for appellant, appellant has failed to point to specific factual evidence to demonstrate a genuine factual dispute that West Chester employees acted with malice or bad faith or in a wanton or reckless manner. Therefore, the West Chester employees are immune from liability.
 {¶ 23} The trial court properly concluded that appellant could not impose civil liability upon West Chester and its employees and therefore, all appellees are entitled to summary judgment. Appellant's first assignment of error is overruled.
Assignment of Error No. 2:
 {¶ 24} "A Township and its Zoning Departments do not have the authority to adopt and use any section of a local property maintenance code allowing for the `RIGHT TO DEMOLISH" [sic] which violates the owners rights to private property and protections of individual rights, due process, and property under the Constitutions and Laws."
 {¶ 25} Based upon our determination of the issue of West Chester's immunity from this civil suit, appellant's second assignment of error is moot. We note that appellant's allegations in his complaint of state constitutional violations by West Chester were not enough to change the essential nature of his claims. Appellant's claims sounded in tort and were properly disposed of in the first assignment of error. Bram v.Cleveland (1993), 97 Ohio App.3d 718, 721. Appellant's second assignment of error is overruled as moot.
Assignment of Error No. 3:
 {¶ 26} "The Court errored [sic] in the application of the legal principles of `failure to exhaust administrative remedies' and `res judicata' in relation to the facts submitted and filed in this case."
 {¶ 27} Appellant's third assignment of error is also rendered moot by our ruling on the question of governmental immunity.
Judgment affirmed.
WALSH, P.J., and YOUNG, J., concur.
[1] The appellees will be collectively referred as "West Chester." While some of the history of this case took place when West Chester was Union Township, we will refer to the township as West Chester for purposes of this appeal.
[2] R.C. 2744.01(B) defines "employee" as an officer, agent, employee or servant who is authorized to act and is acting within the scope of his or her employment. This section specifically incorporates into the definition of "employee" any elected or appointed official of a political subdivision.
[3] There appears no dispute that the named employees were acting within the scope of their employment.