OPINION
{¶ 1} On November 21, 2001, appellants, Gregory and Diane Eischen, filed a complaint for wrongful adoption against appellees, the Stark County Board of Commissioners and the Stark County Department of Job and Family Services. Appellants claimed appellees did not disclose pertinent information regarding the history of the minor child they adopted on December 9, 1996.
 {¶ 2} On January 10, 2002, appellee Commissioners filed a motion to dismiss claiming immunity pursuant to R.C. 2744.02(A)(1). By judgment entry filed February 28, 2002, the trial court agreed and dismissed the complaint.
 {¶ 3} Appellants filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I {¶ 4} "Whether the trial court abused its discretion in finding that the Appellants' complaint for wrongful adoption against the Stark County Commissioners and the Stark County Department of Job and Family Services is barred by political subdivision immunity pursuant to Ohio Revised Code Section 2744.02(A)(1)."
 I {¶ 5} Appellants claim the trial court erred in granting the motion to dismiss. We disagree.
 {¶ 6} On January 10, 2002, appellee Commissioners filed a motion to dismiss pursuant to Civ.R. 12(B)(6), claiming the complaint failed to state a claim for which relief can be granted based upon political subdivision immunity afforded under R.C. 2744.02(A)(1). Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. Greeley v.Miami Valley Maintenance Contrs. Inc. (1990), 49 Ohio St.3d 228. A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint. State ex rel.Hanson v. Guernsey County Board of Commissioners (1992), 65 Ohio St.3d 545. Under a de novo analysis, we must accept all factual allegations of the complaint as true and all reasonable inferences must be drawn in favor of the nonmoving party.
 {¶ 7} The gravamen of this appeal is whether appellees were performing a governmental function in placing a child for adoption and whether R.C. 5153.163(E) causes political subdivision immunity under R.C. 2744.02(B)(5) to be inapplicable. R.C. 2744.02(B)(5) provides for the following exception to sovereign immunity:
 {¶ 8} "(B) Subject to sections 2744.03 and 2744.05 of the Revised Code, a political subdivision is liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by an act or omission of the political subdivision or of any of its employees in connection with a governmental or proprietary function, as follows:
 {¶ 9} "(5) In addition to the circumstances described in divisions (B)(1) to (4) of this section, a political subdivision is liable for injury, death, or loss to person or property when liability is expressly imposed upon the political subdivision by a section of the Revised Code, including, but not limited to, sections 2743.02 and 5591.37 of the Revised Code. Liability shall not be construed to exist under another section of the Revised Code merely because a responsibility is imposed upon a political subdivision or because of a general authorization that a political subdivision may sue and be sued."
 {¶ 10} R.C. 5153.163(B)(1) provides for payments to adoptive parents if the agency "considers a child with special needs residing in the county served by the agency to be in need of public care or protective services." Under R.C. 5153.163(E), no agency may place a special needs child in its permanent custody "in a setting other than with a person seeking to adopt the child." Appellants argue said section sets forth placement guidelines and therefore preempts R.C. Chapter 2744 immunity. We disagree for the following reasons.
 {¶ 11} One must read the statute in its entirety. R.C. 5153.163(E) states as follows:
 {¶ 12} "(E) No public children services agency shall, pursuant to either section 2151.353 or 5103.15 of the Revised Code, place or maintain a child with special needs who is in the permanent custody of an institution or association certified by the department of job and family services under section 5103.03 of the Revised Code in a setting other than with a person seeking to adopt the child, unless the agency has determined and redetermined at intervals of not more than six months the impossibility of adoption by a person listed pursuant to division (B), (C), or (D) of section 5103.154 of the Revised Code, including the impossibility of entering into a payment agreement with such a person. The agency so maintaining such a child shall report its reasons for doing so to the department of job and family services. No agency that fails to so determine, redetermine, and report shall receive more than fifty per cent of the state funds to which it would otherwise be eligible for that part of the fiscal year following placement under section 5101.14 of the Revised Code."
 {¶ 13} This provision is a mechanism for state payment and is not a guideline for placement of special needs children. We find this section does not abrogate the sovereign immunity statute and R.C. 2744.02(B)(5) does not apply. Even in Butler v. Jordan, 92 Ohio St.3d 354,2001-Ohio-204, paragraph one of the syllabus, the Supreme Court of Ohio acknowledged Chapter 5104.11 as it pertained to daycare home certification was not sufficient to meet the exclusion of R.C.2744.02(B)(5).
 {¶ 14} The next analysis is whether or not the county and appellee Job and Family Services were performing a governmental function in placing a child for adoption. In Wilson v. Stark County Department ofHuman Services, 70 Ohio St.3d 450, 1994-Ohio-394, the Supreme Court of Ohio found a county and the human services department were immune under R.C. 2744.02. As such, governmental functions of a county are performed with its various agencies including the department of human services. See, R.C. 2744.01(C)(2)(m). The Wilson case also involved a claim for wrongful adoption. The children in Wilson were alleged to be emotionally disturbed, a fact the Wilsons argued should have been disclosed to them prior to adoption. Appellants sub judice allege in their complaint at Count One that appellee Job and Family Services "falsely and fraudulently and recklessly misrepresented" to appellants the child "did not have any behavior problems."
 {¶ 15} In Wilson at 452, the Supreme Court of Ohio found claims for intentional torts such as fraud and intentional infliction of emotional distress were barred by governmental immunity:
 {¶ 16} "R.C. 2744.02(B) provides five exceptions to the immunity created in R.C. 2744.02(A)(1) for political subdivisions. One of the exceptions, R.C. 2744.02(B)(2), establishes liability of political subdivisions for injuries caused by negligent acts performed by employees with respect to proprietary functions. There is, however, no such general exception for governmental functions. Consequently, except as specifically provided in R.C. 2744.02(B)(1), (3), (4) and (5), with respect to governmental functions, political subdivisions retain their cloak of immunity from lawsuits stemming from employees' negligent or reckless acts. See Garrett v. Sandusky (1994), 68 Ohio St.3d 139,624 N.E.2d 704. There are no exceptions to immunity for the intentional torts of fraud and intentional infliction of emotional distress as alleged in this case."
 {¶ 17} Although appellants rely on the case of Burr v. Board ofCounty Commissioners of Stark County (1986), 23 Ohio St.3d 69, we find it inapplicable because it is a pre-R.C. 2744.01 et. seq. case.
 {¶ 18} Appellants also claim R.C. 2744.01 et seq. is unconstitutional because it violates the due process clause of the Ohio and United States Constitutions. Appellants claim a violation of the open courts doctrine of Section 16, Article I of the Ohio Constitution and the due process provision of the Fourteenth Amendment to the United States Constitution. In support of these claims, appellants urge this court to adopt the dicta of the plurality of the Supreme Court of Ohio in Butler,
supra, at 358-373.[1]
 {¶ 19} We note appellants raised the issue of constitutionality in their response to the motion to dismiss, but the trial court did not address it.
 {¶ 20} Despite the provocative language used by Justice Douglas inButler, the law of Ohio remains that R.C. Chapter 2744 is constitutional. The Supreme Court of Ohio addressed this issue in Fabreyv. McDonald Police Department, 70 Ohio St.3d 351, 1994-Ohio-368, andFahnbulleh v. Straham, 73 Ohio St.3d 666, 1995-Ohio-295.
 {¶ 21} Appellants further claim R.C. Chapter 2744 "only grants immunity for civil money damages," not "for other remedies under the law." Appellants' Brief at 17. Because our review is limited to the four corners of the pleadings, we must examine the complaint. The complaint filed November 21, 2001 seeks through its prayer only monetary damage:
 {¶ 22} "1. Judgment in favor of the Plaintiffs and against the Defendants jointly and severally, as and for compensatory damages for medical expenses, psychological expenses and foster placement expenses, in an amount in excess of Twenty-Five thousand Dollars ($25,000.00);
 {¶ 23} "2. Judgment for the litigation expenses and the costs of this action; and
 {¶ 24} "3. Judgment for attorney's fees."
 {¶ 25} Appellants did not request "other remedies under the law."
 {¶ 26} Upon review, we find the trial court did not err in granting the motion to dismiss.
 {¶ 27} The sole assignment of error is denied.
 {¶ 28} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Edwards, J. concur.
Topic: Motion to dismiss based on immunity — wrongful adoption.
[1] Only two of the justices concurred in the dicta that discussed the constitutionality of R.C. Chapter 2744. The decision was predicated on statutory interpretation.