JUDGMENT ENTRY.
This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
Defendant-appellant David Sanders appeals the juvenile court's judgment denying his motion to set aside a 1978 judgment that adjudicated him the father of Zealretta Boyd. For the following reasons, we affirm.
In 1995, DNA test results showed that Sanders was not the father of Zealretta Boyd. Within months of obtaining those results, Sanders moved to vacate the paternity determination under Civ.R. 60(B). The juvenile court denied the motion, and we affirmed that decision in Boyd v.Sanders.[1] There, we held that Civ.R. 60(B)(2) limits the timeperiod to vacate a paternity determination to one year from the date of the paternity judgment. But in July 2000, R.C. 3119.961 (formerly codified as R.C. 3113.211) became effective, providing that "[n]otwithstanding the provisions to the contrary in Civil Rule 60(B) and in accordance with this section, a person may file a motion for relief from a final judgment, court order, or administrative determination or order that determines that the person * * * is the father of a child or from a child support order under which the person or male minor is the obligor." Thus, in August 2001, Sanders moved, without counsel, to vacate the paternity award and his child-support obligations. The juvenile court denied the motion. Sanders did not appeal from that decision.
In August of 2003, Sanders was held in contempt by the juvenile court because of his failure to pay child-support. In response, Sanders filed a Civ.R. 60(B) motion to vacate the paternity determination and reduce his arrearages to $0, arguing that DNA tests performed in 1995 showed that he was not the biological father of Zealretta Boyd. At the hearing on the motion, Sanders argued that although paternity was determined in 1978, R.C. 3119.961 authorized him to file a motion to vacate the paternity determination at this time. The juvenile magistrate granted his motion. The Hamilton County Child Support Enforcement Agency filed timely objections to the magistrate's decision. The juvenile court reversed the magistrate, holding that R.C. 3119.961 was unconstitutional and that a motion to vacate the 1978 paternity judgment was time barred. Sanders timely filed a notice of appeal from this judgment.
In his only assignment of error, Sanders argues that R.C. 3119.961 is constitutional and thus, the paternity determination should be set aside because genetic tests demonstrated that he was not the father of the child.
After thoroughly reviewing the record, we hold that the doctrine of res judicata supports the juvenile court's decision to overrule Sanders's motion to vacate the paternity determination. Under the doctrine of res judicata, "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action."[2]
Here, in August 2001, after R.C. 3119.961 was in effect, Sanders moved to vacate the paternity determination. The juvenile court denied that motion, noting that "the recent legislative changes (R.C. 3119.961) do not open new rights in a case where the support obligation was terminated due to emancipation almost 10 years ago." Sanders did not appeal this judgment. Since the juvenile court had already rendered a final judgment, in August 2001, regarding the propriety of vacating the paternity determination under R.C. 3119.961, Sanders' most recent motion to vacate is barred by res judicata.
Although the juvenile court determined that R.C. 3119.961 was unconstitutional, we do not need to rule on the constitutionality of that statute at this time. It is well settled that courts are not to determine the constitutionality of a statute unless necessary to decide the case.[3] It was not necessary here. We note that the juvenile court should not have ruled on the constitutionality of R.C. 3119.961 when there were other grounds to support its decision; i.e., the doctrine of res judicata.
Accordingly, the first assignment of error is overruled, and the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.
[1] (April 10, 1996), 1st Dist. No. C-950355.
[2] Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379, 1995-Ohio-331,653 N.E.2d 226, syllabus.
[3] State, ex rel. Hofstetter v. Kronk (1969), 20 Ohio St.2d 117, 119,254 N.E.2d 15.